### STEFAN v. RAABE et al.

(Circuit Court of Appeals, Eighth Circuit. August 8, 1924.)

No. 6527.

**1. Bankruptcy ⟨⟩296—Trustee's right to sue in federal court to set aside state foreclosure sustained as against objection of duty to intervene.**

Trustee *held* entitled to sue in federal court to set aside, on ground of fraud and conspiracy between parties, Nebraska court's decree of foreclosure of mortgage, judicial sale thereunder, decree confirming sale, and sheriff's deed executed more than month before adjudication in view of Comp. St. 1922, Neb. § 8552, as against objection that trustee might have intervened in action in state court.

**2. Bankruptcy ⟨⟩180—Creditor bank held to have right to take preferential conveyance from bankrupt farmer.**

Bank could take mortgage from farmer bankrupt to secure existing indebtedness where purpose of bank was not to enable debtor to defraud other creditors and where mortgage was not executed within four months prior to bankruptcy, notwithstanding ulterior motive of debtor.

**3. Bankruptcy ⟨⟩303(3)—Evidence held to prove that bank did not take mortgage from bankrupt to defraud other creditors.**

Evidence *held* to prove that bank took mortgage from bankrupt to secure existing indebtedness, and not for purpose of enabling debtor to defraud other creditors.

Appeal from the District Court of the United States for the District of Nebraska.

Suit by Karl Stefan, trustee of the estate of Bruno Raabe, a bankrupt, against Bruno Raabe and others. Judgment of dismissal, and plaintiff appeals. Affirmed.

H. T. White, of Omaha, Neb. (W. C. Traub, of Norfolk, Neb., on the brief), for appellant.

M. H Leamy, of Pierce, Neb., for appellees.

Before KENYON, Circuit Judge, and AMIDON and SCOTT, District Judges.

SCOTT, District Judge. This is a suit in equity by Karl Stefan, as trustee in bankruptcy of the estate of Bruno Raabe, bankrupt, against Bruno Raabe, the Citizens'

State Bank of Plainview, Neb., and Martin Sorenson, defendants, to set aside a deed to the southwest quarter of section 24, township 28, range 5, west of the sixth P. M., Antelope county, Neb., executed and delivered by Bruno Raabe to said Citizens' State Bank, July 10, 1920, together with an instrument of defeasance executed and delivered contemporaneously therewith, a decree of the district court of Antelope county, Neb., declaring said deed a mortgage and foreclosing the same, a judicial sale thereunder, a sheriff's deed and order of confirmation by said district court of Antelope county, and also to set aside a chattel mortgage executed by said Bruno Raabe to said Citizens' State Bank covering certain chattel property, executed and delivered July 23, 1920. The suit is specifically alleged to be brought under section 70 of the act of Congress relating to bankruptcy (Comp. St. § 9654).

The plaintiff in his petition in substance alleges: That during the year 1919 Bruno Raabe executed several promissory notes for territory rights in connection with a stock food transaction. That these notes were sold to various banks before maturity, the banks purchasing them in good faith and without notice of any defenses, and that these notes commenced to fall due during June, 1920. That thereupon Bruno Raabe consulted the defendant Citizens' Bank of Plainview, Neb., for the purpose of avoiding payment of these notes, and that Raabe executed and delivered to said bank a warranty deed conveying the farm hereinbefore described and owned by Raabe. Shortly thereafter Raabe on the date above stated executed and delivered to said bank the chattel mortgage referred to. That at the time of executing said deed, defendant bank gave Bruno Raabe a receipt stating that they received the deed as a mortgage in consideration of money loaned and to be loaned. That said attempted instruments of conveyance were made with intent to defraud the creditors of said Bruno Raabe, and that the bank received the same knowing such purpose. That said deed and instrument of defeasance were filed for record in Antelope county, Neb., July 12, 1920, and said chattel mortgage was filed for record on the 26th day of July, 1920. That thereafter on the 24th day of May, 1921, a petition to foreclose said pretended deed as a mortgage was filed in the district court of Antelope county, Neb., by defendant bank, and a decree of foreclosure by default was entered on the 15th day of July, 1921. That thereafter upon due notice and upon the 12th day of Sep-

tember, 1921, said real estate was sold at sheriff's sale, the defendant bank being the purchaser thereof, and a certificate of sale issued thereunder. That on the 24th day of September, A. D. 1921, by order of said state court said sale was confirmed, and that a sheriff's deed was issued and delivered to said bank. That all of the aforesaid proceedings were had and made with the intent of said defendants to defraud the creditors of Bruno Raabe. That Bruno Raabe at the time of the transfers and at all times thereafter "had insufficient property exclusive of the aforesaid to satisfy the creditors of the said Bruno Raabe, and that the creditors of the said Raabe were the same as at the present time, and that the said creditors have proven their claims in bankruptcy, and that the same have been allowed in an amount in excess of $30,000." That the defendant bank, after the execution of the sheriff's deed, conveyed said land to defendant Martin Sorenson for the purpose of further endeavoring to defraud the creditors of Bruno Raabe, and that defendant Sorenson took such deed knowing such fact.

Defendant Sorenson answers admitting the receipt of said conveyance on October 27, 1921, denying that the same was executed for the purpose of defrauding creditors of said Raabe, and alleging that title was conveyed to him as a matter of convenience in obtaining a real estate loan thereon, and in substance that he held the same in trust for said bank, and disclaimed all personal interest therein.

Citizens' State Bank of Plainview answered challenging the jurisdiction of the United States District Court for the District of Nebraska, and setting up that the district court of Antelope county, Neb., had first acquired jurisdiction of the res and that said action was still pending and undetermined in the district court of Antelope county. Denied that it had any knowledge that Raabe had signed the notes mentioned in said complaint, or that said notes had been transferred to innocent purchasers; admitted that it received the conveyance of said land and the chattel mortgage referred to, but denied that either the deed or the chattel mortgage were received for a fraudulent purpose or with a fraudulent intent, and alleged that the said deed was taken as security for said Raabe's present indebtedness to said bank and to secure any further advances that said bank might make to him; alleging that the chattel mortgage was taken as an additional security under the same conditions, and that

said deed and writing of defeasance were recorded at the same time as one instrument, and set out certain notes and amounts due and owing by said Raabe to said bank at the time said deed and chattel mortgage were delivered to it, and alleged that there was $17,053.48 owing said bank by said Raabe on the 24th day of May, 1921, when it commenced said foreclosure proceedings in Antelope county; set out all of the foreclosure proceedings and alleged that they were regular in all respects; alleged that after applying the proceeds of said foreclosure sale to its claim against Raabe, there was a deficiency of $1,528.58 still due the bank from Raabe; alleged that certain of the property described in said chattel mortgage was taken by said bank from Raabe in a replevin action commenced in the district court of Antelope county, Neb., and alleged the filing of a supplemental petition in said foreclosure proceedings on the 29th day of April, 1922, setting out said supplemental petition, the object and prayer of which was a foreclosure of said chattel mortgage and applying the proceeds on said deficiency.

The case being thus at issue, plaintiff applied to the court for an order of reference and a special master to take testimony, report findings of fact and conclusions of law. To this application the defendant Citizens' State Bank appeared and resisted, and on the 27th day of May, 1922, the District Court for the District of Nebraska overruled the objections of the bank and appointed H. F. Barnhart as special master to hear the evidence and report findings of fact and conclusions of law. Defendant Citizens' State Bank thereupon filed objections to the jurisdiction of the court and to taking of testimony by the special master, which objections were overruled, whereupon the defendant bank amended its answer still challenging the jurisdiction of the court.

The testimony in the case was taken before the special master, who in due time filed his report in the form of a voluminous opinion in which he found as a fact that the deed of July 10th and the chattel mortgage of July 23d were executed and delivered with the intent and purpose of defrauding the existing creditors of Bruno Raabe, and as a conclusion of law said instruments should be vacated and set aside. Exceptions were filed to the report of the special master, and the cause was tried and submitted to the District Court upon the evidence taken upon the report of the special master, including the evidence taken before that official. The District Court in announcing its decision said: "I am unable to concur in the conclusion of the master that the mortgage involved was given with the intent to hinder or delay creditors, or to place the property beyond the reach of creditors within the meaning of the statute concerning conveyances to defraud creditors. Sections 2553, 2554, 2555, 2557, Comp. Stats. Nebraska 1922. It appears to me to be established by the evidence beyond doubt that security was taken by the bank from its creditors in the usual course and in good faith, and the credible testimony affirmatively shows that no fraud was either intended or perpetrated."

Thereupon the court ordered that plaintiff's petition be dismissed, to which the plaintiff duly excepted. The case comes to this court on appeal of the plaintiff, Karl Stefan, trustee of the bankrupt.

The record in this case in its last analysis presents but two questions for solution:

First. Had the District Court of the United States for the District of Nebraska jurisdiction to entertain a suit by a trustee in bankruptcy elected and qualified at the first meeting of creditors following the date of adjudication on October 12, 1921, to set aside for fraud and conspiracy between the parties, a mortgage, a decree of foreclosure thereof entered in a state court, a judicial sale held pursuant thereto, a decree confirming such sale, and a sheriff's deed to real estate, the subject of said mortgage, decree and sale; the last step in such line of procedure having been taken and consummated more than a month before such adjudication in bankruptcy?

Second. Assuming that said District Court had jurisdiction, does the record in this case show that plaintiff has sustained the allegations of his petition with adequate proof of the alleged fraud?

We take these questions up in their order stated. Counsel for appellee has cited a very large number of adjudicated cases which seem to have little or no bearing upon the question under consideration. Counsel first lays down the propositon that "the possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all the controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power," citing Farmers' Loan & Trust Co. v. Lake Street R. R. Co., 177 U. S. 61, 20 Sup. Ct. 564, 44 L. Ed. 667. In that case the bill for foreclosure was filed on January 30, 1896, at 10 o'clock and 35 minutes a. m., in the Circuit Court of the United States for the Northern

District of Illinois. On the same day shortly after the said bill had been filed and process had issued, the defendant in the case filed a bill against the plaintiff in the superior court of Cook county, state of Illinois, involving the same subject-matter from a different angle. The state court retained jurisdiction and enjoined the plaintiff in the federal court. That case finally reached the Supreme Court of the United States on writ of error from that court, and it was there decided that the superior court of Cook county, Ill., erred in taking jurisdiction, and its decree was reversed; it being held that the bill having been filed in the United States Circuit Court for the Northern District of Illinois and process having issued and served, it was too late for any other court to acquire jurisdiction.

We do not see that the case of Farmers' Loan & Trust Co. v. Lake Street R. R. Co., supra, has any bearing upon the question now before the court. It must be borne in mind that in the instant case the foreclosure suit in the state court by the Citizens' State Bank named only Bruno Raabe and his wife as defendants; that that suit had been prosecuted to final judgment and decree; that the decree had been fully executed by the sale of mortgaged property; that the sale had been confirmed and the sheriff's deed executed, vesting in the purchaser and grantee all of the estate theretofore held by the mortgagor. The claim of the plaintiff here is that relief could have been had in that action. But it is alleged that both plaintiffs and defendants in that action were the coconspirators, and of course a third party could only obtain relief by intervention. Plaintiff, the trustee in bankruptcy, represents the general creditors of Bruno Raabe. Now the general creditor holding merely promissory notes would have had no standing without some lien or judgment. A trustee in bankruptcy had no standing for the obvious reason that there had been no adjudication in bankruptcy and no trustee elected. But it is contended that because a writ of assistance had not issued following the execution of the sheriff's deed, and that inasmuch as the court still had jurisdiction to issue a writ of assistance to put the grantee under the sheriff's deed in the possession of the land, that the case was still pending, and that after the adjudication in bankruptcy and the election of a trustee, such trustee might have intervened and re-opened the case and obtained relief.

We do not so interpret the statute and decisions of Nebraska. Section 8552 of the Compiled Statutes of Nebraska 1922 (Rev.

Stats. 1913, § 7609) is in the following language:

"Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the state of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences."

Construing the above section of the statute and considering the general question of intervention the Supreme Court of Nebraska in State v. Farmers' State Bank, 103 Neb. 194, 170 N. W. 901, in the syllabi prepared by the court, which is clearly sustained by the text of the opinion, lays down the following propositions:

"Under the method of intervention provided for by section 7609, Rev. St. 1913, the petition must be filed before the trial. Such intervention is a matter of right, and does not require leave of court.

"This method, however, is not exclusive, and in a proper case, where the person desiring to intervene files a petition before the entry of final judgment in the district court of the county where the action is pending, which petition sets forth good and sufficient reasons for his failure to file before the trial, and shows no laches on his part, and a prima facie right to intervene, and his claim is of such a nature that relief cannot be obtained unless it be granted him upon intervention, leave to intervene should be granted by a court of equity."

It would seem clear that in the light of the Nebraska statute and decisions of its highest court interpreting the same and pronouncing the general principle of equity practice, was conclusive of the principle that no right of intervention remained in the state court at the time of the adjudication in bankruptcy or the election of the trustee.

[1] Counsel also cites and urges Graham v. Boston, Hartford & Erie R. R. Co., 118 U. S. 161, 6 Sup. Ct. 1009, 30 L. Ed. 196, to the effect that "a Circuit Court of the United States cannot revise or set aside a final decree rendered by a state court, which had complete jurisdiction of the parties and subject-matter, upon the ground" of fraud in obtaining the decree "where the injured

party has had an opportunity to apply to the state court to reverse the decree." In that instance a stockholder of a corporation which was a party to the original suit was attempting to maintain suit in another court to set aside the original decree for fraud. The Supreme Court of the United States said, quoting Nougue v. Clapp, 101 U. S. 551, 25 L. Ed. 1026: "It was held that a Circuit Court of the United States cannot revise or set aside a final decree rendered by a state court, which had complete jurisdiction of the parties and subject-matter, upon the ground that the decree was obtained by fraud, where the injured party has had an opportunity to apply to the state court to reverse the decree. The plaintiff is a party to the foreclosure suit, as a shareholder in the old corporation." The case merely announces the principle that a stockholder of a corporation party defendant is bound by the decree. This and many other cases cited by counsel for appellee are not applicable. We think it clear that the trustee in bankruptcy had the right to maintain this suit to set aside this whole category of acts alleged to have been had pursuant to a fraudulent combination to hinder, delay and defraud creditors of the bankrupt.

[2, 3] We come now to the second proposition: Assuming that said District Court had jurisdiction, does the record in this case show that plaintiff has sustained the allegations of his petition with adequate proof of the alleged fraud? We have carefully examined the record and are convinced that the trial court was entirely correct in his conclusion, and that no fraud on the part of the bank was intended or resulted. When the matter came up for consideration by the bank, the bank was holding an unsecured indebtedness against Bruno Raabe in the sum of approximately $15,000. Raabe had nothing but the farm in question and the ordinary stock and utensils. General business and financial conditions were becoming such that banks were tightening credits and looking to the security of the same. Raabe came to the bank and we think disclosed that he had incurred considerable other indebtedness, whether the particular indebtedness set out by plaintiff in the petition is not clear. The bank was desirous of securing its claim. Raabe had the right to secure the bank in its claim, and to prefer the bank for that matter. It must be borne in mind that Raabe was one of the excepted class in connection with bankruptcy; he was a farmer and not subject to involuntary bankruptcy. In these circumstances the bank had the absolute right to take security if actuated with the bona fide

motive of securing its indebtedness, even though Raabe may have had an ulterior motive, and the validity of such security would be subject only to the contingency of Raabe going into voluntary bankruptcy within four months. Raabe did not go into voluntary bankruptcy within four months. We think the credible testimony in the case shows that the bank was actuated by the desire and purpose of obtaining security for its large claim; that it took these mortgages for that purpose. The contention that the bank took excessive security, and that that ought to warrant evidence of an intent to defraud, is urged. The record shows that an attempt was made to procure a loan upon the farm in question and that the maximum which could be procured was $9,000. The record further shows that upon judicial sale duly advertised there was a deficiency of about $1,500 of the bank's claim remaining unpaid. We do not think that the evidence shows that the security was excessive, and we are convinced that the trial court was correct and that plaintiff's bill was properly dismissed.

It follows that the decision of the trial court should be, and is, affirmed.