## In re PEISER.

### (District Court, E. D. Pennsylvania. April, 1902.)

BANKRUPTCY—ANCILLARY PROCEEDINGS.

An insolvent was adjudged bankrupt in the district court of New York, and a receiver was appointed, who obtained an order directing a trust company in Pennsylvania, holding funds of the bankrupt, subject to an attachment issued within four months of the adjudication of bankruptcy, to pay said funds to the receiver. On refusal of the trust company so to do, an order adjudging it in contempt was made, and directing the receiver to apply to the court of bankruptcy in Pennsylvania for its assistance in the enforcement of the orders of the bankrupt court in New York. *Held*, that such trust company would be ordered to show cause why payment should not be made to such receiver in compliance with the order of the district court of New York.

In Bankruptcy. Proceedings ancillary to, and in aid of, proceedings in bankruptcy in the district court for the Southern district of New York, and to collect assets in the Eastern district of Pennsylvania.

On November 9, 1901, Solis V. Peiser was duly adjudicated a bankrupt in the district court of the United States for the Southern district of New York; and on the same day Theodore M. Taft was duly appointed receiver of the said bankrupt, and duly qualified as such.

At the time of this adjudication, the bankrupt had on deposit in the Union Trust Company of Philadelphia, Pa., $350.93. On the day previous (November 8th) the Union Trust Company had been served with a foreign writ of attachment as garnishee in the suit of Rigby and another, creditors, against Peiser.

Shortly after his appointment, the receiver applied to the trust company to pay over to him the deposit. The trust company admitted having the deposit, but declined to pay over on the ground that the deposit had been attached. The receiver then obtained from the bankrupt court in New York an order vacating all attachments, and directing the Union Trust Company to pay the amount on deposit to the receiver, which was duly served upon the trust company and its treasurer, and payment was duly demanded, but refused. The court in New York then made an order upon the Union Trust Company and its treasurer to show cause why it should not be punished for contempt of court, for failing to obey the order of the court to pay over the deposit. This order to show cause was duly served, and on the return day the trust company and its treasurer both failed to appear or show cause. Thereupon the court adjudged them to be in contempt, and to pay a fine of $250 each, and that the treasurer stand committed until he should pay the fine and purge himself of his contempt; and this order also was served upon the trust company and the treasurer, the service of the orders in each case being made upon them in Philadelphia.

In the order adjudging the trust company and the treasurer to be in contempt, etc., the court, referring to the fact that neither of them were within the Southern district of New York, but were within the Eastern district of Pennsylvania, the receiver was directed to apply to the district court for the Eastern district of Pennsylvania for its assistance in enforcing the order of contempt, and of all the other orders of the New York court touching the amount on deposit in the trust company, and for such other and further assistance as might be proper.

The receiver thereupon petitioned the district court of the United States for the Eastern district of Pennsylvania accordingly, and asked that the orders, including the order of contempt, should be enforced by the Pennsylvania court. An answer was put in by the trust company and by its treasurer to the petition, and hearing was had before the Honorable JOHN B. McPHERSON, District Judge, in the Eastern district of Pennsylvania.

Theodore M. Taft and Read & Pettit, for receiver.
Jno. Stokes Adams, for Union Trust Co.

J. B. McPHERSON, District Judge, entered the following order:
Whereas, it appears that Solis v. Peiser, trading as Peiser & Co.,
was adjudicated a bankrupt by the district court of the United States
for the Southern district of New York on the 9th day of November,
1901, and that Theodore M. Taft, of New York, was duly appointed
receiver of said bankrupt; and

Whereas, said Theodore M. Taft has presented a petition to this
court asking for its assistance in enforcing the orders of the district
court of the United States for the Southern district of New York
in proceedings ancillary to the said bankruptcy, and in aid thereof:

Now, therefore, this 2d day of April, A. D. 1902, on hearing of
the said petition, and the answer of the Union Trust Company of
Philadelphia and W. J. Clark, its treasurer, as filed thereto, it is

Ordered and decreed that the Union Trust Company of Phila-
delphia do pay over, within 10 days from the date hereof, to said
Theodore M. Taft, receiver of Solis V. Peiser, trading as Peiser &
Co., the above bankrupt, the sum of $350.93, being the amount on
deposit with said the Union Trust Company to the credit of said
Peiser & Co. on November 9, 1901, the date of the said adjudication
in bankruptcy, together with any interest on said deposit as the same
is allowed by the said trust company from said date, or show cause
why said payment should not be made.