## COLLETT, TRUSTEE IN BANKRUPTCY OF ESTATE OF COTTEN, BANKRUPT, v. ADAMS.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF TEXAS.

No. 274. Submitted March 21, 1919.—Decided April 28, 1919.

Under the Bankruptcy Law, as amended in 1903 and 1910 [§§ 23b, 60b, and 2 (20), ] a suit by the trustee to set aside a transfer of property, as a preference voidable under § 60b, and to recover the property or its value, is cognizable by the District Court within whose district the property is situate, though not the court in which the bankruptcy proceeding is pending, and without regard to the consent of the defendant or the residence of the trustee, the bankrupt or the defendant. P. 547.

In this respect, the jurisdiction is the same whether the suit is based on § 60b, or §§ 67e and 70e, as amended. *Id.*

Such a suit is local, in the sense of Jud. Code, § 54, so that a defendant residing in another district of the same State may be served there with original process. P. 550.

Such local suits, apart from the terms of the Bankruptcy Act, are excepted by § 51 of the Code from the general provision that a defendant may not be sued in any district other than that of which he is an inhabitant. *Id.*

Jurisdiction of the District Court over a suit by a trustee in bankruptcy to set aside a transfer, *held* not affected by the pendency of a prior action for damages brought by the transferee against the bankrupt in a state court, which acquired no lien on the property. *Id.*

The plaintiff's claim, *held* to be sufficiently substantial to entitle him to a decision on the merits in the court below. *Id.*

Reversed.

THE case is stated in the opinion.

Mr. *Wilmer S. Hunt* and Mr. *H. B. Seay* for appellant. Mr. *Perry G. Dedmon* and Mr. *Walter F. Seay* were on the brief.

No appearance for appellee.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This suit in equity was brought in the District Court for the Southern District of Texas by a trustee in bankruptcy. A motion to dismiss the bill for want of jurisdiction was sustained, and the propriety of that ruling is the sole question presented on this direct appeal. See Jud. Code, § 238; c. 22, 38 Stat. 804.

The allegations of the bill are to this effect: March 17, 1917, a petition in bankruptcy against Ford C. Cotten was filed in the District Court for the Northern District of Texas, on which in due course he was adjudged a bankrupt. The plaintiff became the trustee. On December 22, 1916, and for some time theretofore, Cotten was the owner and in possession of certain real and personal property in Wharton County, Texas, and on that day transferred the same to James R. Adams, the defendant. Adams was then asserting that Cotten was indebted to him in the sum of $45,311 for property obtained from him through deceit and fraud, and a suit to enforce that claim was pending in a state court in Collin County, Texas. In August, 1916, a writ of attachment in that suit had been levied on the property here in question, but under the laws of Texas the attachment lien was void and of no effect. The transfer from Cotten to Adams was made with the purpose of effecting a settlement of that suit and the claim involved therein, and at the time of the transfer the parties entered into a written agreement wherein it was stipulated that if Cotten was not adjudged a bankrupt on a petition presented within four months after the transfer was filed for record, Adams should dismiss the suit and pay the unpaid costs, and, if on a petition so filed Cotten was adjudged a bankrupt, Adams should have the

right to prosecute the suit to judgment and to enforce all liens acquired through the attachment. The deed transferring the real property was filed for record shortly after it was executed, but the agreement never was so filed and constituted a secret understanding between the parties. Following the transfer Adams took possession of the property, real and personal; was still in possession, claiming title and exercising the rights of an owner, when this bill was brought, and had refused, on demand made, to surrender the property to the trustee. At the time of the transfer Cotten was insolvent and intended thereby to effect a preference in favor of Adams, all of which the latter knew or had reasonable cause to believe; and in fact the transfer resulted in such a preference, for the assets were not sufficient to pay all creditors. The property transferred was not exempt, but was such as creditors lawfully could subject to the payment of their claims. Some or all of the personalty has been disposed of by Adams. The real property is in the Southern District of Texas, where this suit was brought. Cotten and the trustee reside in the Northern District, where the bankruptcy proceeding is pending, and Adams resides in the Eastern District. The suit in the state court has not been dismissed, but is still pending in substantially the same condition as when the transfer was made.

The bill contains a prayer for the recovery of the real property or its value, for an accounting as to the proceeds of the personalty, and for other relief the detail and propriety of which require no attention here.

The motion which the court below sustained challenged its jurisdiction on the grounds (1) that the bill could not be brought in that court without the defendant's consent, which was not given; (2) that the bill was not brought in the district where the bankruptcy proceeding was pending or in that of the residence of the defendant, and (3) that the subject-matter of the bill already was involved

in the pending suit in the state court in Collin County,
a court of competent jurisdiction, and adequate relief
could be had in that suit.

On its face the bill shows very plainly that it is brought
to avoid a transfer by the bankrupt, which the trustee
regards as a voidable preference within the meaning of
§ 60*b* of the Bankruptcy Act, and to recover the property
transferred or its value. There are also present some
indications of a purpose to claim relief under §§ 67*e* and
70*e*, but this does not call for special comment, for in
point of jurisdiction there is no distinction between a suit
under these sections and one under § 60*b*.

It well may be that under the original terms of the
Bankruptcy Act, c. 541, 30 Stat. 544, the bill could not
have been brought in the court below without the de-
fendant's consent, *Bardes* v. *Hawarden Bank*, 178 U. S.
524, but the act was amended materially in 1903 and
again in 1910 (c. 487, 32 Stat. 797; c. 412, 36 Stat. 838),
and it was after those amendments became effective that
the bill was brought. The pertinent provisions, with the
amendments affecting jurisdiction in italics, are as fol-
lows:

Sec. 23*b*. "Suits by the trustee shall only be brought
or prosecuted in the courts where the bankrupt, whose
estate is being administered by such trustee, might have
brought or prosecuted them if the proceedings in bank-
ruptcy had not been instituted, unless by consent of the
proposed defendant, *except suits for the recovery of property
under section sixty, subdivision b; section sixty-seven, sub-
division e; and section seventy, subdivision e.*"

Sec. 60*b*. "If a bankrupt shall have procured or suffered
a judgment to be entered against him in favor of any per-
son or have made a transfer of any of his property, and
if, at the time of the transfer, or of the entry of the judg-
ment, or of the recording or registering of the transfer
if by law recording or registering thereof is required, and

being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. *And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."* [1]

Sections 1 (8) and 2 define "courts of bankruptcy" as including the several District Courts of the United States, and § 2 (20) invests the courts of bankruptcy with power to "*exercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy.*"

The amendments are couched in plain words and effect a material change in the jurisdiction of suits by trustees to avoid preferential transfers and recover the property or its value under § 60*b*. The exception engrafted on § 23*b* takes such suits out of the restrictive provisions of that section; the sentence added to § 60*b* makes them cognizable in the courts of bankruptcy, as well as in such state courts as could have entertained them if bankruptcy had not intervened, and the new clause in § 2 dispels any doubt that otherwise might exist respecting the power of a court of bankruptcy other than the one in which the bankruptcy proceeding is pending to entertain such a suit where the property sought to be recovered is within its territorial limits.

---

[1] A sentence like that in italics was added to §§ 67*e* and 70*e* by c. 487, 32 Stat. 797.

The court below is a court of bankruptcy and the property in question is within its territorial limits, so the jurisdiction under the terms of the Bankruptcy Act is plain. The suit is a local one in the sense of § 54 of the Judicial Code and this enabled the court to reach the defendant, who resides in another district in the same State, by original process sent to and served in the district of his residence. Such a suit, apart from the terms of the Bankruptcy Act, is excepted by § 51 of the Code from the general provision that a defendant may not be sued in any district other than that of which he is an inhabitant.

Of the objection based on the pendency of the suit in the state court in Collin County it is enough to say that the trustee is not a party to that suit and that it has none of the elements of a suit to avoid the transfer in question. Whether if this were otherwise it would affect the jurisdiction of the court below as a court of the United States we need not consider. See *Louisville Trust Co.* v. *Knott,* 191 U. S. 225; *Courtney* v. *Pradt,* 196 U. S. 89; *Mississippi Railroad Commission* v. *Louisville & Nashville R. R. Co.,* 225 U. S. 272, 279.

We conclude that the court should have overruled the objections urged against its jurisdiction, but we intimate no opinion on the merits other than that the case made by the bill has enough of substance to entitle the plaintiff to a decision therein in the court below in regular course. See *Geneva Furniture Co.* v. *Karpen,* 238 U. S. 254, 258–259.

*Decree reversed.*