## GRAY v. BRESLOF et al.

### In re DICKER.

(District Court, E. D. New York.　April 13, 1921.)

Bankruptcy ⬤≈186(2)—Bona fide purchaser of chattels from preferential transferee acquires good title.

Where the stock in trade of a bankrupt was collusively sold under a chattel mortgage, which was preferential and invalid under the Bankruptcy Law, to a representative of the mortgagee, who resold it to a bona fide purchaser for value, the latter *held* to have acquired a good title; but the seller and mortgagee *held* liable to the bankrupt's trustee for the amount received therefor.

In Equity.　Suit by James Gray, trustee in bankruptcy of Louis Dicker, against William Breslof, Benjamin Kellman, David Kellman, and Louis Dicker.　Dismissed as to defendant Breslof, and decree for complainant against the other defendants.

Leon Dashew, of New York City, for plaintiff.
William W. Butcher, of Brooklyn, N. Y., for defendant Breslof.

CHATFIELD, District Judge.　The bankrupt, Louis Dicker, maintained a butcher shop close to the residence of the defendant Breslof, whose father had been in business at the same place for some time. Young Breslof had been in the navy, and his father, according to the testimony, was looking for a chance to establish him in business.　David Kellman, one of the other defendants, purchased the stock, fixtures, horse, and wagon of Dicker, from the purchaser at an auction sale held under such circumstances as to arouse suspicion, inasmuch as Benjamin Kellman had a chattel mortgage, unenforceable in bankruptcy, having been given for a pre-existing debt and not having been promptly recorded.

The Kellmans defend their title by an attempt to prove that physical possession was taken under the chattel mortgage and a sale had prior to the filing of the petition.　Breslof, at his father's instigation, became the purchaser.　Having no experience in the meat business, he hired the bankrupt as his clerk, and, according to the evidence, he has gone ahead, conducting the business on his own account and in such a way that the trustee's charge of collusion, or that Breslof is but a tool or dummy for Dicker, has not been substantiated.　Breslof paid an actual cash consideration for his purchase, and this consideration was received by the Kellmans, who would seem to have been acting either in collusion with the bankrupt or in fraud of creditors.

If a chattel mortgage is valid, then actual possession under the chattel mortgage and a completed or perfected sale by the mortgagee,

with observance of the statutory requirements, is not the obtaining of a lien by judicial process within four months, such that the sale can be set aside. The lien in such a case is created by the chattel mortgage, and the chattel mortgagee is in the eyes of the law the owner of the equity with a right to possession. But where the chattel mortgage is invalid, as in this case, an attempt to dispose of the property by means thereof is a preferential and fraudulent transfer, and can be set aside by a trustee.

The next step, namely, the contention of the trustee that a bona fide purchaser for value cannot get good title from a person in possession of title by a preferential transfer, is fallacious. An assignee of a mortgage takes subject to equities, but a purchaser by a bona fide sale for value will obtain a good and valid title to chattels. Proceeds of the sale to Breslof are directly traced into the hands of the creditor obtaining the preferential transfer, namely, in this instance, one of the Kellmans. The trustee, therefore, is entitled only to a decree against the Kellmans and the bankrupt, setting aside the transfer and directing the return of the amount received as a preference, but the action against Breslof must be dismissed.