### In re J. H. SMALL SHOE CO.

(District Court, D. Connecticut. August, 1924.)

Bankruptcy ⬥11—Court has ancillary jurisdiction to aid in enforcement of decree of court of another district.

Under Bankruptcy Act, § 2, subd. 20 (Comp. St. § 9586), a court of bankruptcy in one district has ancillary jurisdiction to enter a decree on a decree of the court in the district of adjudication, to aid the trustee in its enforcement against the defendant therein, who has removed into the first named district.

In Bankruptcy. In the matter of the J. H. Small Shoe Company, bankrupt. On petition of Mary G. Porter, trustee, for a decree in this district on a decree of the District Court for the Southern District of New York. Petition granted.

See, also, 1 F. (2d) 416.

Lesser Bros., of New York City (Samuel L. Miller, of New York City, of counsel), for plaintiff.

Slade, Slade & Slade, of New York City, for defendant.

HOWE, District Judge. Before as well as since the amendment of section 2 of the Bankruptcy Act, by adding subsection 20, the court of bankruptcy in any district has had "ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy. Chapter 412, § 2, 36 Stat. 839 (Act June 25, 1910; Comp. St. § 9586); In re Peiser (D. C.) 7 Am. Bankr. Rep. 690, 115 F. 199; Babbitt v. Dutcher, 23 Am. Bankr. Rep. 519, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Matter of Flaherty (D. C.) 45 Am. Bankr. Rep. 638, 265 F. 741; Collett v. Adams, 43 Am. Bankr. Rep. 496, 249 U. S. 545, 39 S. Ct. 372, 63 L. Ed. 764; Lazarus v. Prentice, 32 Am. Bankr. Rep. 559, 234 U. S. 263, 34 S. Ct. 851, 58 L. Ed. 1305; Collier on Bankruptcy (13th Ed.) p. 48.

Consequently this court has jurisdiction to enter a decree upon a decree of the United States District Court for the Southern District of New York, to aid the trustee appointed by that court to enforce that decree; it being admitted that the identity of the parties is the same, and that the defendant has not turned over to the trustee the sum of $10,000 in obedience to that decree, and he having moved from that district into this district.

Let a decree be entered accordingly.