## BRAINARD v. COHN.

### In re STEIN.

(Circuit Court of Appeals, Ninth Circuit. September 14, 1925.)

No. 4596.

1. **Bankruptcy** ⬄293(2)—**Jurisdiction in bankruptcy courts, without consent of defendants, of suit by trustee to avoid transfer by bankrupt and recover property or value.**

Under Bankruptcy Act, § 70, as amended (Comp. St. § 9654), bankruptcy courts have general jurisdiction, without consent of defendants, of action by trustee to avoid transfer by bankrupt which creditors might have avoided, and recover the property or its value.

2. **Confusion of goods** ⬄13—**Burden of distinguishing on one wrongfully intermixing.**

Where, in carrying out common design of several to defraud creditors of one of them, there is intentional intermixture of debtor's goods with those of the others, so that separation is practically impossible, the burden is on the others permitting it to satisfactorily distinguish their property or lose it.

3. **Bankruptcy** ⬄305—**Conspirator to conceal bankrupt's property liable for value of property received by all.**

Under principal of joint tort-feasors, from one of conspirators with bankrupt to conceal his property, trustee can recover the value, not merely of the property which such conspirator received, but also of that which was received by his fellow conspirators; satisfaction once obtained, however, being bar to further action.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Suit by G. W. Brainard, trustee in bankruptcy of Nathan Stein against Paul Schainmann and others. From an order (5 F.[2d] 349), so far as limiting injunction as to defendant Henry Cohn, plaintiff appeals. Reversed and remanded.

See, also, 7 F.(2d) 169; 8 F.(2d) 11.

Henry Ach, Joseph Kirk, Dinkelspiel & Dinkelspiel, and Hiram E. Casey, all of San Francisco, Cal., for appellant.

William Klein, of San Francisco, Cal., for appellee.

Before HUNT, McCAMANT, and MORROW, Circuit Judges.

HUNT, Circuit Judge. This is an appeal by Brainard, and is related to Schainmann et al. v. Brainard, Trustee, 8 F.(2d) 11, wherein an appeal by Schainmann and others has been dismissed. The suit is by Brainard, trustee in bankruptcy, against Cohn, the Schainmanns, Brill, and Aour-

bach, to set aside certain transfers of property made by Stein, a bankrupt; for injunction pendente lite; for an accounting; for judgment for $38,000, the alleged value of the property transferred; and for general relief. The complaint alleges that Stein, adjudged a bankrupt, kept a retail store in San Francisco, and when adjudged a bankrupt owed in excess of $43,000; that before bankruptcy proceedings the defendants and Stein, for the purpose of defrauding the creditors of Stein, conspired for the purpose of fraudulently withdrawing and concealing from the creditors goods received but not paid for by the bankrupt; that they conspired to make fraudulent sales from the stock of merchandise in Stein's store to an amount of at least $38,000.

The acts alleged to have been done by defendants in pursuance of the conspiracy are: That they took from the Stein store merchandise of the value of $38,000, and made no entry thereof on the books of Stein or of any of defendants; that defendants Cohn and P. Schainmann mixed the goods taken with other stocks of like character, and that plaintiff cannot point out the identical goods; that, with intent to conceal the goods so taken, some of the defendants made pretended transfers from one defendant to some of the other defendants in a manner to make it impossible for plaintiff to determine which of the goods each defendant is in actual possession of; that defendant P. Schainmann, for himself and the other defendants and Stein, is in possession of a large quantity of the goods so fraudulently removed, but has mixed them with other goods of his own, so that segregation cannot be reasonably made, and that the value of the goods taken by Schainmann from Stein's store and so mixed is far in excess of the value of goods belonging to Schainmann; that within the last few months Schainmann has disposed of his property to his daughter, defendant Sophie Schainmann; that, except for the value of goods so taken, Schainmann is insolvent; that defendants Sophie Schainmann, Brill, and Aourbach, all of whom are insolvent, are concealing part of the merchandise taken from Stein's store, and have aided Stein, P. Schainmann, and Cohn in mixing and concealing the goods so taken; that defendant Cohn holds some of the property removed, and has put it into a store and mixed it with other merchandise, so that it cannot be identified with certainty.

It is alleged that the value of the mer-

chandise taken by Cohn from Stein's store is in excess of that owned by Cohn; that Cohn and Schainmann threaten to and will, unless enjoined, remove the property taken by them to places unknown to plaintiff; that, if the goods are removed and disposed of, neither Schainmann nor Cohn has sufficient assets to pay the judgment sought in this case; that Stein's estate is insolvent; that, in aid of the conspiracy, P. Schainmann pretended to convey all the property in his possession at a certain place to defendant Estrin, and that they moved goods to another named place and sold some; that a valuable lease made to Pacific Coast Mercantile Company is the property of the bankrupt; but that defendant Brill fraudulently claimed to be the owner of the lease, and in carrying on the conspiracy made a pretended assignment thereof to defendant Paul Schainmann; that the pretended sales to P. Schainmann and Cohn and Aourbach were beyond the ordinary course of trade of the bankrupt, Stein; that no notice of any such sales was recorded, as required by section 3440 of the Civil Code of California; and that the trustee is without adequate remedy at law.

Temporary restraining order was granted, and thereafter demurrer to the complaint for lack of jurisdiction and a motion to dissolve the temporary restraining order were overruled. Upon hearing on the order to show cause, the matter of granting injunction was referred to a special master, with directions to report facts and conclusions. The master reported that, inasmuch as Schainmann had appealed from an order granting the temporary restraining order, Cohn's position was the one specially considered. Exceptions to the master's report were overruled, and injunction was granted, restraining Cohn pendente lite from removing or disposing of any merchandise (of the value of about $3,700) actually received by Cohn from the bankrupt, but the court denied temporary injunction as to other merchandise. The trustee appealed.

The District Court sustained the master in the view that, upon the assumption that Cohn is a joint tort-feasor in the alleged conspiracy to defraud creditors of the bankrupt stock, nevertheless, as the complaint does not allege that Cohn himself received more than $7,000 in value of merchandise fraudulently transferred, no recovery can be had against Cohn in this suit beyond that sum, and that the action to recover for value in excess of that sum would be by way of damages, and not within the jurisdiction

vested in the court under section 70e of the Bankruptcy Act. Upon that theory the court limited its injunction order, so as to cover only the particular merchandise that was manually transferred to Cohn, and which Cohn identified and admitted he had received from Stein.

Section 1 (8) of the Bankruptcy Act of 1898 (Comp. St. § 9585) defines courts of bankruptcy as including the District Courts of the United States. Section 23b (Comp. St. § 9607) authorizes suit only to be brought by the trustee in the court where the bankrupt might have brought the suit, unless by consent of the proposed defendant, except suit for recovery of property under certain sections, including section 70e (Comp. St. § 9654). By section 70e the trustee may avoid any transfer by the bankrupt of his property which any creditor might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value. Such property may be recovered, or its value collected, from whoever may have received it, except a bona fide holder. "For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction, if bankruptcy had not intervened, shall have concurrent jurisdiction."

[1] It seems clear that the sections cited do not affect the liability of joint tort-feasors, as it may exist under the general principles of law which are applicable to the facts pleaded in the complaint and for present purposes assumed to be true. It is to jurisdiction that the sections pertain, in that section 70e confers upon courts of bankruptcy power to hear and determine actions brought to avoid transfers by a bankrupt, and to recover property so transferred, or its value, from whoever may have received the property, except always a bona fide holder for value. The essence of the amendment of 1903 to section 70e is that it confers jurisdiction upon the courts of bankruptcy, regardless of the consent of the defendants, in suits for purposes of recovery of property fraudulently transferred by the bankrupt, or the value of such property.

As said by Justice Van Devanter in Collett v. Adams, 249 U. S. 545, 39 S. Ct. 372, 63 L. Ed. 764, the amendment to section 60b (Comp. St. § 9644), which in respect to words conferring jurisdiction is exactly like the amendments to 70e conferring jurisdiction: "The amendments are couched in plain words and effect a material change in

the jurisdiction of suits by trustees to avoid preferential transfers and recover the property or its value under § 60b. The exception engrafted on section 23b takes such suits out of the restrictive provisions of that section; the sentence added to section 60b makes them cognizable in the courts of bankruptcy, as well as in such state courts as could have entertained them if bankruptcy had not intervened. * * *"

In Flanders v. Coleman, 250 U. S. 223, 39 S. Ct. 472, 63 L. Ed. 948, the court again held that the amendment to section 70e gave to the District Court jurisdiction to make void any transfer by the bankrupt of his property which any creditor might have avoided, giving the trustee the right to recover the same. Stellwagen v. Clum, 245 U. S. 605, 38 S. Ct. 215, 62 L. Ed. 507. And in Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898, the court recognized that jurisdiction is in the District Courts to proceed by plenary suit in equity to set aside a transfer made by a bankrupt in fraud of creditors and to subject the property to the administration of the court of bankruptcy. Stefan v. Raabe (C. C. A.) 1 F.(2d) 129; Frederick v. Surloff (D. C.) 4 F.(2d) 589.

To apply the rule of those decisions to the present complaint: It is true the trustee seeks a money judgment, but he also asks that certain transfers made by the bankrupt in carrying out a conspiracy to defraud creditors may be set aside, and for an accounting with respect to quantities of personal property taken by defendants, and which has been mixed and confused beyond possible identification with the property of defendants, and for an injunction pendente lite against threatened removal or disposition of certain property, part of which belongs to Cohn, but which has been confused with that taken, and for such further relief as he may be entitled to. Relief against such a situation calls for the exercise of the flexible jurisdiction of equity, to the end that the wrongdoers shall not profit by their wrongs and that innocent creditors shall not suffer by them.

[2, 3] There remains the question whether the trustee is limited to recover against defendant Cohn, alleged to be a conspirator, the value of property he actually manually received, or whether the trustee can recover from him the value of all property belonging to the bankrupt and fraudulently taken by fellow conspirators in pursuit of the conspiracy of which Cohn was a member, although part of the property so taken never actually passed into defendant's manual possession. We think the true principle is that, where there is evidence of a common design between several persons to defraud the creditors of one of them, and in carrying out the purpose there is an intentional intermixture of the goods of the debtor with the goods of those acting in collusion with him, so that separation is practically impossible, all the inconvenience of the confusion is cast upon the one who permitted it, and it is for him to distinguish his own property satisfactorily or lose it, for the law will not distinguish it for him. The Idaho, 93 U. S. 575, 23 L. Ed. 978; McDowell v. Rissell, 37 Pa. 164.

It is also an established rule that, where two or more persons are associated for the same illegal purpose, all engaged in the alleged fraudulent common purpose are as one who has received the property, and each joint tort-feasor has the burden of bearing the entire loss which he in co-operation with his fellows has inflicted. Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 132, 32 S. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875. It follows that remedy may be had against all the tort feasors, or any one of them, subject to the rule that satisfaction once obtained is a bar to further action. The Beaconsfield, 158 U. S. 303, 15 S. Ct. 860, 39 L. Ed. 993. The extent of the remedy may be for the recovery of all the property or its full value.

For the reason that the District Court erred in its view respecting its jurisdiction, and the injunctive order it granted was based upon the erroneous premise, the order appealed from is reversed, and the cause remanded for further proceedings, not inconsistent with the views herein expressed. The power of the court being now defined, the extent of the injunction pendente lite is a matter resting in the sound discretion of the District Court.

Reversed and remanded.