## DETROIT TRUST CO. v. FORD MOTOR CO.

(District Court, E. D. Michigan, S. D. June 4, 1926.)

No. 699.

Bankruptcy ⬉297—Court of bankruptcy held to have jurisdiction of suit by trustee to cancel chattel mortgage on property within district (Bankruptcy Act, §§ 60b, 67e, 70e [Comp. St. §§ 9644, 9651, 9654]; Judicial Code, § 57 [Comp. St. § 1039]).

A suit by a trustee to cancel a chattel mortgage as preferential, and as a fraudulent transfer and voidable under Bankruptcy Act, §§ 60b, 67e, 70e (Comp. St. §§ 9644, 9651, 9654), is within the jurisdiction of the court of bankruptcy, where the property is within the district, by virtue of the provisions of said sections and of Judicial Code, § 57 (Comp. St. § 1039),

though defendant is corporation of another state, not residing in district.

In Equity. Suit by the Detroit Trust Company, trustee in bankruptcy of the Detroit Waterproof Fabrics Company, bankrupt, against the Ford Motor Company and others. On motion to dismiss bill. Denied.

Anderson, Wilcox, Lacy, & Lawson, of Detroit, Mich., for plaintiff.

Clifford B. Longley and R. B. Hofelich, both of Detroit, Mich., for defendants.

SIMONS, District Judge. This cause is before the court on a motion by the defendant Ford Motor Company to dismiss the bill of complaint on the ground that this court is without jurisdiction over such defendant herein. The bill is brought by the Detroit Trust Company, a Michigan corporation, as trustee in bankruptcy of the estate of the Detroit Waterproof Fabrics Company, a Michigan corporation, bankrupt, against the Ford Motor Company, a Delaware corporation, to set aside a certain chattel mortgage, covering personal property located in the city of Detroit, within this district, executed and delivered by said bankrupt, within four months prior to the bankruptcy of such mortgagor, to said defendant, and alleged by the plaintiff to be void as constituting a preferential, fraudulent, and otherwise illegal transfer, and therefore voidable by such trustee under sections 60b, 67e, and 70e of the Bankruptcy Act (Comp. St. §§ 9644, 9651, 9654). The bill, which avers that "this is a suit in equity under the provisions of the Bankruptcy Act," alleges that the property covered by said mortgage has been almost entirely destroyed by fire; that said mortgagor held certain policies of fire insurance from various insurance companies, which "refused to pay the amounts due and owing by them to the plaintiff herein, claiming that the policies of insurance hereinbefore mentioned have become invalidated because of the giving of said alleged chattel mortgage"; and that in order to enable the plaintiff trustee "to properly litigate its cause of action with said insurance companies it is necessary and essential that the validity of said alleged chattel mortgage shall be determined."

The bill prays that said chattel mortgage be "annulled, vacated, set aside, and declared void." The defendant Ford Motor Company, appearing specially for the purpose of this motion, moves that the bill be dismissed, because this court is without jurisdiction of the cause as to said defendant, "for the reason that said Ford Motor Company is not a

citizen or inhabitant of, or resident in, the Eastern district of Michigan, and cannot be sued in said Eastern district of Michigan on the cause of action set forth on the plaintiff's bill of complaint, without its consent." The question presented for decision is whether this court has such jurisdiction.

Section 60b of the Bankruptcy Act provides that, for the purpose of recovery by a trustee in bankruptcy of property, or the value of property, preferentially transferred by the bankrupt within the statutory four months before bankruptcy, "any court of bankruptcy * * * shall have * * * jurisdiction." Section 67e and section 70e of the Bankruptcy Act contain identical provisions respecting the recovery of property fraudulently or otherwise illegally transferred by the bankrupt. The defendant contends that the sections of the Bankruptcy Act just referred to must be read and construed in connection with the sections of the Judicial Code conferring and limiting the jurisdiction of the federal courts, and specifically by section 51 of the Code (Comp. St. § 1033) and that, as so construed and limited, these provisions of the Bankruptcy Act do not confer jurisdiction upon the court over the defendant in the present case.

Section 51, just cited, provides that, "except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." One of the "six succeeding sections" thus mentioned is section 57 of the Judicial Code (Comp. St. § 1039), which provides that "when in any suit commenced in any District Court of the United States to * * * remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought," the court shall have jurisdiction to proceed in rem against the property so involved, through substituted service pursuant to the procedure prescribed in said section, even in the absence of any of the defendants in the suit. This section applies to suits to set aside fraudulent transfers of property. Mellen v. Moline Malleable Iron Works, 131 U. S. 352, 9 S. Ct. 781, 33 L. Ed. 178; Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 20 S. Ct. 559, 44 L. Ed. 647.

The present suit, therefore, is, by the terms of section 51 of the Code already quoted, expressly excepted from the requirement, otherwise imposed by said section, that such a suit shall not be brought unless in the district of which the defendant is an inhabitant. Collett v. Adams, 249 U. S. 545, 39 S. Ct. 372, 63 L. Ed. 764. The following language of the Supreme Court in that case is applicable here: "The court below is a court of bankruptcy and the property in question is within its territorial limits, so the jurisdiction under the terms of the Bankruptcy Act is plain. The suit is a local one. * * * Such a suit, apart from the terms of the Bankruptcy Act, is excepted by section 51 of the Code from the general provision that a defendant may not be sued in any district other than that of which he is an inhabitant."

It follows that the motion to dismiss must be denied, and an order to that effect will be entered.