## MORRISON v. BAY PARKWAY NAT. BANK et al.

## SAME v. LAFAYETTE NAT. BANK.
### No. 353.

Circuit Court of Appeals, Second Circuit.
July 11, 1932.

Walter Jeffrey Carlin, of New York City (Walter Jeffrey Carlin and Paul C. Werner, both of New York City, of counsel), for appellant.

Charles B. Breslow, of Brooklyn (Harry Tabershaw, of New York City, of counsel), for appellee Edward Morrison, trustee in bankruptcy of Max M. Zalta.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).

The question before us is whether the judgment to recover an unlawful preference which the trustee in bankruptcy obtained against the Bay Parkway Bank can be enforced in a summary proceeding against Lafayette Bank, the transferee of the former bank's assets.

It is suggested that the relief sought should be given because Lafayette Bank assumed the obligations of the Bay Parkway Bank. Even if it did assume the obligation on which the trustee is suing (though this is denied because his claim was not listed in the agreement between the banks), a trustee cannot enforce claims for a breach of contract in a summary proceeding, but must resort to a plenary suit.

If it be the theory of the trustee that, because there was a preferential payment by the bankrupt to Bay Parkway Bank, its transferee, the Lafayette Bank, must restore the money, the trustee's case can fare no better. There has been no showing that any specific fund has been traced into the hands of Lafayette Bank, nor that the latter had ever heard of the trustee's claim until long

after it took over the assets. An unlawful preference is *voidable* only, and cannot be recovered from a bona fide purchaser without notice. Bennett v. Semmes (D. C.) 287 F. 745, at page 750; Gray v. Breslof (D. C.) 273 F. 526; Davis v. Hanover Savings Fund Society (C. C. A.) 210 F. 768, at page 774. See, also, Commercial National Bank v. Shriver (C. C. A.) 275 F. 12. The Lafayette Bank alleges that it was a bona fide purchaser of the assets of Bay Parkway Bank without notice of any claim on the part of the trustee. Whether or not this be so, it is plain that it has asserted an adverse claim which the foregoing decisions show to be at least not merely colorable, but of substance. It is entitled to have such a claim prosecuted in a plenary suit, and has from the outset insisted upon this right.

It is also argued, though we think with little apparent reason, that the decree of the trustee against Bay Parkway Bank was based on a transfer to hinder, delay, and defraud creditors. But, if that be so, the transfer to Lafayette Bank in good faith and for a present fair consideration, though after the bankruptcy of Zalta, would protect the transferee. In re Mullen (D. C.) 101 F. 413, at page 416; Paddock, Assignee, v. Fish (D. C.) 10 F. 125; Bush v. Export Storage Co. (C. C.) 136 F. 918. The defense that Lafayette Bank is a bona fide purchaser without notice is substantial and not sham, even if we assume that the transfer by Bay Parkway Bank was in fraud of creditors and fell within section 67e of the Bankruptcy Act, 11 USCA § 107 (e). It is true that section 70 of the Bankruptcy Act (11 USCA § 110) vested the trustee with any property transferred by Zalta in fraud of creditors, but that fact neither would affect a bona fide purchaser for a fair consideration and without notice, nor would it determine the right to proceed in a summary proceeding because possession of the bankruptcy court, either actual or constructive, and not the passage of title, is made the test of the right to invoke its summary jurisdiction. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770.

It has been argued that the filing of the petition in bankruptcy operated as an equitable attachment and gave the trustee all the rights of an attaching creditor. Mueller v. Nugent, 184 U. S. at page 14, 22 S. Ct. 269, 46 L. Ed. 405; International Bank v. Sherman, 101 U. S. at page 406, 25 L. Ed. 866. But the mere filing of that petition in the office of the clerk of the District Court was not notice to the Lafayette Bank that property standing in the name of Bay Parkway Bank belonged to the bankrupt. In re Mullen (D. C.) 101 F. 413, at page 417; Myers v. Hazzard (C. C.) 50 F. 155, at page 163; Paddock, Assignee, v. Fish (D. C.) 10 F. 125, 128; Bankruptcy Act, § 21e, 11 USCA § 44 (e). The filing of the petition in any event could only give the trustee the rights of a creditor attaching assets of Zalta and not those of Bay Parkway Bank or Lafayette Bank. Zalta is not shown to have had any property in the hands of either Bay Parkway Bank or Lafayette Bank at the time when the petition in bankruptcy was filed, and the allegation in the petition of the trustee (fol. 20) that the Bay Parkway Bank never had title to the sum of $1,000 transferred by Zalta to it (fol. 20) is a mere statement of a legal conclusion unsupported by the allegation of any facts showing it to be correct.

The order is reversed, with directions to dismiss the petition.