**AUSTRIAN et al. v. WILLIAMS et al.**

No. 81, Docket 20348.

Circuit Court of Appeals, Second Circuit.

Dec. 10, 1946.

Writ of Certiorari Granted Feb. 10, 1947.

See 67 S.Ct. 675.

Carl J. Austrian, of New York City (Austrian & Lance and Saul J. Lance, George H. Schwartz, and Isadore H. Cohen, all of New York City, on the brief), for appellants.

Milton Pollack, of New York City (Sullivan & Cromwell and Emery H. Sykes and William Piel, Jr., all of New York City, on the brief), for appellees Harrison Williams et al. and Walter E. Sachs et al.

Horace R. Lamb, of New York City (Le-Boeuf & Lamb and Craigh Leonard and James O'Malley, Jr., all of New York City, on the brief), for appellees James F. Fogarty and Herbert C. Freeman.

Hawkins, Delafield & Longfellow, of New York City (Lewis L. Delafield, Barent L. Visscher, and Thomas A. Purcell, all of New York City, of counsel), for appellees John B. Niven et al.

Roger S. Foster, Sol., Robert S. Rubin, Asst. Sol., and Arnold R. Ginsburg and Lawrence M. Greene, Attys., all of Philadelphia, Pa., for the Securities and Exchange Commission, amicus curiæ.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Plaintiffs brought this action for the recovery of corporate assets in the Southern District of New York in their capacity of trustees of Central States Electric Corporation, a Virginia corporation now in reorganization in the District Court of the United States for the Eastern District of Virginia. To that court they owe their appointment, as well as authority to proceed against these former stockholders, officers, directors, and others accused of conspiring to defraud the debtor corporation. Except for certain defendants not served and others who have raised the issue of venue, the defendants all appear to be residents of the Southern District of New

York. Jurisdiction is rested not upon diversity of citizenship, but upon the provisions of the Bankruptcy Act, hereinafter discussed, and of the Judicial Code, 28 U.S.C.A. § 41(1, 19), referring to suits by an officer of the United States or arising under the Constitution or laws of the United States. On motion of defendants raising the issue, the District Court dismissed the action for want of jurisdiction of the subject matter, writing a well-reasoned opinion, D.C.S.D.N.Y., 67 F.Supp. 223, and plaintiffs have appealed. [1] The issue is of obvious importance in the administration of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and we have been aided by helpful briefs and arguments of the parties, as well as by a brief amicus curiae by the Securities and Exchange Commission urging reversal.

Section 2, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a, gives the district courts jurisdiction at law and in equity in "proceedings" under the Act to "cause the estates of bankrupts to be collected, reduced to money and distributed," and determine controversies in relation thereto," except where otherwise provided in the Act. [2] So broad a grant of power would seem to confer extensive jurisdiction upon the United States courts for the collection of a bankrupt's assets, subject to the usual protective requirements as to service of

process within the state and as to venue; and such has been the conclusion of text writers, supported by a holding under the earlier Bankruptcy Act. Lathrop v. Drake, 91 U.S. 516, 23 L.Ed. 414; 6 Collier on Bankruptcy, 14th Ed., § 3.20, p. 672; Gilbert-Collier on Bankruptcy, 4th Ed. 1937, 63; Gerdes, Corporate Reorganizations—Changes Effected by Chapter X of the Bankruptcy Act, 52 Harv.L.Rev. 1, 21.

Defendants contend, however, that the word "proceedings" as used throughout the Act denotes only the summary proceedings whereby the court having charge of the debtor's estate administers the property under its control. "Proceedings" does not under this view, include ordinary civil actions, such as the one at bar, to recover assets held adversely under a claim of right. Because the grant of jurisdiction in § 2, sub. a, is limited to "proceedings" it would result that all of the numbered subdivisions following thereafter apply only to summary proceedings, and do not govern the case at bar. Under this view, the in personam jurisdiction of the bankruptcy courts springs from § 23, 11 U.S.C.A. § 46, which gives the district courts "jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this Act," between trustees and claimants of property. [3] But this section is expressly made inapplicable to a reorganization pro-

---

[1] While not all defendants joined in the motion to dismiss, the court did dismiss the entire action, thus avoiding any question of appealability of the order, as in Porter v. American Distilling Co., 2 Cir., 157 F.2d 1012.

[2] "§ 11 [§ 2]. Creation of courts of bankruptcy and their jurisdiction

"a. The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title, in vacation, in chambers, and during their respective terms, as they are now or may be hereafter held, to—

* * * * * * *

"(6) Bring in and substitute additional persons or parties in proceedings under this title when necessary for the

complete determination of a matter in controversy;

"(7) Cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided, and determine and liquidate all inchoate or vested interests of the bankrupt's spouse in the property of any estate, whenever under the applicable laws of the State, creditors are empowered to compel such spouse to accept a money satisfaction for such interest."

[3] "§ 46 [§ 23]. Jurisdiction of controversies between receivers and trustees and adverse claimants

"a. The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and

ceeding unless an order is entered that bankruptcy be proceeded with. § 102, 11 U.S.C.A. § 502. The reason for excluding it from Chapter X, say defendants, was that reorganization is concerned not with collecting assets for distribution to creditors, but with administration and continuation of the debtor's business until the plan of reorganization can be put into effect. The jurisdiction of the district courts over ordinary civil suits was irrelevant to this function and was therefore eliminated. Indeed, defendants urge, § 101, 11 U.S.C.A. § 501, which provides that "the provisions of this chapter [X] shall apply exclusively to proceedings under this chapter," indicates a Congressional purpose to confine the application of Chapter X entirely to the summary, administrative proceedings. Defendants find some support for this technical view of the word "proceedings" in judicial statements such as those found in Bardes v. Hawarden First Nat. Bank, 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175, and Schumacher v. Beeler, 293 U.S. 367, 55 S. Ct. 230, 79 L.Ed. 433. These statements suggest that by an analogy drawn from the language of the Bankruptcy Act of 1867, § 2 of the present Act is a grant of summary jurisdiction only.

▮ The two cases apparently derived that conclusion from an interpretation of Lathrop v. Drake, supra, a decision which construed the Act of 1867 and which, it seems now clear, should not be so interpreted. It was there held that the jurisdiction of the district courts over civil suits came from § 1 of that Act, which is now substantially embodied in § 2 of the present Act; and that § 2 of the 1867 Act, now repealed, which the two former cases regarded as the source of jurisdiction over civil suits, merely conferred a concurrent jurisdiction upon the circuit courts. The former cases, moreover, were decided not under the Act of 1867, but under the Act of 1898; and they were concerned not with a construction of § 2, but with the applicability of § 23. The statements in them

from which defendants claim support are therefore merely dicta, and do not sap the vitality of the jurisdictional holding in the early case. But, going beyond the historical analogies, however construed, we think it clear that on a true reading of the Act the word "proceedings" cannot be thus limited. For it is used elsewhere to describe ordinary civil actions or "plenary" suits, as they are sometimes called. This is true under § 11, sub. e, 11 U.S.C.A. § 29, sub. e, which authorizes trustees to "institute proceedings in behalf of the estate upon any claim," and contains also a reference to "any proceeding, judicial or otherwise," Herget v. Central Nat. Bank & Trust Co., 324 U.S. 4, 65 S.Ct. 505, 89 L. Ed. 656, and under §§ 60, sub. b, 67, sub. e, and 70, sub. e(3) of the Act, 11 U.S.C.A. §§ 96, sub. b, 107, sub. e, and 110, sub. e(3), each of which confers upon the district courts and upon state courts concurrent jurisdiction over certain "plenary proceedings." Herget v. Central Nat. Bank & Trust Co., supra; Schoenthal v. Irving Trust Co., 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Bardes v. Hawarden First Nat. Bank, supra; Morrison v. Bay Parkway Nat. Bank, 2 Cir., 60 F.2d 41, certiorari dismissed Lafayette Nat. Bank v. Morrison, 296 U.S. 669, 57 S.Ct. 756; Milkman v. Arthe, 2 Cir., 223 F. 507; Lowenstein v. Reikes, 2 Cir., 54 F.2d 481, certiorari denied 285 U.S. 539, 52 S.Ct. 311, 76 L.Ed. 932: Coffey v. Managed Properties, 2 Cir., 85 F.2d 88. Moreover, the "except" clause in § 2, sub. a(7), refers to § 23, Bardes v. Hawarden First Nat. Bank, supra; Bryan v. Bernheimer, 181 U.S. 188, 191, 21 S.Ct. 557, 45 L.Ed. 814, a section in which the word "proceedings" is used, and which deals solely with the jurisdiction of the federal courts to entertain ordinary civil actions. Thompson v. Terminal Shares, 8 Cir., 104 F.2d 1, 9, certiorari denied 308 U.S. 559, 60 S.Ct. 100, 84 L.Ed. 470. Obviously a section which deals with juris-

---

to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants."

By § 23, sub. b, suits can be prosecut-

ed only in courts where the bankrupt could have brought them, unless by consent, and except for actions under §§ 60, 67, 70, 11 U.S.C.A. §§ 96, 107, 110, as discussed below.

diction over civil actions can be an exception to another section only if that other section also deals with jurisdiction over civil suits. The jurisdiction granted by § 2, sub. a(6, 7), may be exercised by all the district courts, and not solely by the one in which the bankruptcy or reorganization petition was originally filed. Bankruptcy Act, § 2, sub. a(20) ; Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969; Collett v. Adams, 249 U.S. 545, 39 S.Ct. 372, 63 L.Ed. 764; Mar-Tex Realization Corp. v. Wolfson, 2 Cir., 145 F.2d 360; Lathrop v. Drake, supra. [4]

We turn now to a consideration of § 23, from which both parties assert they derive support. As construed together with § 2, sub. a(7), this section determines the jurisdiction of the district courts over civil actions brought by bankruptcy trustees appointed to liquidate estates under Chapters I to VII. In such ordinary bankruptcy proceedings a trustee can bring suit against an adverse claimant in a district court only if the defendant consents to the suit or if the bankrupt himself could have brought the suit had the bankruptcy petition not been filed. Bardes v. Hawarden First Nat. Bank, supra; Schumacher v. Beeler, supra; Gins v. Mauser Plumbing Supply Co., 2 Cir., 148 F.2d 974. If jurisdiction is claimed on the ground of diversity of citizenship, for example, the citizenship of the bankrupt, and not the citizenship of the trustee, is decisive. Stiefel v. 14th St. & Broadway Realty Corp., 2 Cir., 48 F.2d 1041. The same result obtained in reorganizations conducted under the old § 77B, 11 U.S.C. A. § 207, to which the section remained applicable. In re Standard Gas & Electric Co., 3 Cir., 119 F.2d 658; 2 Gerdes on Corporate Reorganizations, 1936, § 906, p. 1470. In some cases to which both § 2, sub. a(7), and § 23 were applicable, courts have characterized one or the other of them as a grant of jurisdiction or as a limitation on jurisdiction. In Whitney v. Wenman, 198 U.S. 539, 25 S.Ct. 778, 49 L.Ed. 1157, the latter section was characterized as a limitation; in Schumacher v. Beeler, supra, a later case, it was characterized as a grant. Such characterizations of § 23 alone did not control these decisions, since they were based on a construction of the two sections standing together. Here, where that section is not involved, the characterizations of it are not in point; unless Congress has indicated an intention to the contrary, § 2, sub. a(7), standing alone, must be construed in accordance with its plain wording.

Chapter X was enacted largely because of the many abuses which developed in reorganizations under § 77B. One of these was the retention of control over the debtor corporation during reorganization by "insiders" who frequently sought to conceal and to prevent vigorous prosecution of possible causes of action against the debtor's former management. Report on Protective and Reorganization Committees, Pt. 1, S.E.C., 1937, 865; N.Y.Leg.Doc. No. 66, 159th Sess., 1936, 22; Note, 50 Yale L.J. 1492, 1496. To combat this and other abuses the draftsmen of Chapter X strengthened the hand of the reorganization trustee by giving him access to lists of the debtor's security holders, in whosever hands they may be, § 165, 11 U.S.C. A. § 565, by placing upon him the duty of formulating the plan of reorganization, § 169, 11 U.S.C.A. § 569, and perhaps most important, by giving him broad powers of scrutiny of the conduct of the debtor's business by the debtor's former management, § 167, 11 U.S.C.A. § 567. In view of the Congressional purpose demonstrated by these provisions, it seems clear that in eliminating § 23 from corporate reorganizations under Chapter X, Congress intended to enlarge, rather than restrict, the trustee's choice of forum in prosecuting causes of action against former controllers of the debtor. This is the view of Professor Moore and of Mr. Gerdes. [5] 6 Collier on Bankruptcy, 14th Ed., § 3.20 (containing specific criticism of the opinion of the district court) ; 2 id., § 23.12; Moore's

---

[4] Similarly, defendants' contention that Chapter X embraces only administrative proceedings in rem is not well taken. Under such a view, § 102 would be rendered meaningless, as purporting to prevent a section dealing solely with jurisdiction in personam from affecting proceedings in rem.

[5] Mr. Gerdes seems to have been influential in urging the amendment elimi-

Bankruptcy Manual, 1939, 494; Gerdes, Corporate Reorganizations—Changes Effected by Chapter X of the Bankruptcy Act, 52 Harv.L.Rev. 1, 21.

 Since jurisdiction results from the provisions of the Bankruptcy Act, we need not discuss the claim of jurisdiction based on the Judicial Code.

Reversed and remanded.

---

nating this section from Chapter X. See Hearings before a Subcommittee of the Committee on the Judiciary, U. S. Senate, on H.R. 8046, 75th Cong., 2d Sess., 76, 77.