Nathan **YORKE**, Trustee in Bankruptcy of Abraham M. Liebling, Bankrupt, and

Frederick **Levy**, Jr., et al., Plaintiffs-Appellants,

v.

Esther **FRANK**, Fay Liebling, Eleanor Becker, individually and as Trustee under Trust Agreement dated October 14, 1956, Steven Schuham and Anthony Schuham, Defendants-Appellees.

No. 13261.

United States Court of Appeals Seventh Circuit.

Oct. 16, 1961.

Rehearing Denied Dec. 4, 1961.

Edward R. Lev, Louis A. Kohn, Chicago, Ill. (Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel), for appellants.

Maurice J. Walsh, Chicago, Ill., for appellees.

Before DUFFY and CASTLE, Circuit Judges, and MERCER, District Judge.

CASTLE, Circuit Judge.

This appeal is taken from an order of the District Court of the Northern District of Illinois dismissing for lack of venue one of the defendants to a plenary action brought by the Trustee in Bankruptcy and is here pursuant to leave to appeal granted by this Court.

On October 29, 1958, the Trustee in Bankruptcy of Abraham M. Liebling commenced a plenary action against Esther Frank, daughter of the bankrupt, by filing his complaint in the District Court. The complaint alleged that the bankrupt began in 1942 to transact business in the name of his wife and daughter in order to defraud his creditors. The complaint sought, among other things, to compel the defendant to account for all the property taken in her name pursuant to the alleged fraudulent scheme, and that such conveyances and transfers of property as were found unlawful be set aside and the property turned over to the trustee for the benefit of creditors.

Federal jurisdiction of the trustee's cause of action was based on the diversity of citizenship existing by reason of the Illinois citizenship of the trustee and California citizenship of Esther Frank. On March 13, 1961 the trustee filed an amended complaint joining several additional defendants who were citizens of Illinois and as a consequence abandoned as a basis of federal jurisdiction the original parties' diversity of citizenship and proceeded instead against all defendants by virtue of Section 70 of the Bankruptcy Act of 1938, as amended, 11 U.S.C.A. § 110, and other relevant provisions of said Act.

The defendant Frank moved to dismiss the amended complaint on the ground of improper venue. The District Court dismissed Esther Frank as a defendant. The District Court granted appellants leave to petition for rehearing of the order in their status of creditors, the Court having ascertained that the trustee did not intend to seek a rehearing of such order or appeal therefrom. After briefs and arguments, and submission of an affidavit listing property of Esther Frank

located in the Northern District of Illinois, Eastern Division, the District Court adhered to its prior ruling and dismissed Esther Frank as a defendant but modified the order to provide that the:

"within order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation."

This Court later granted appellants leave to appeal.

It is contended by the appellants that the District Court erred in ruling that the venue statute applicable generally to civil actions commenced in the Federal Courts requires the dismissal of a non-Illinois defendant in an action brought in Illinois by a Trustee in Bankruptcy under § 70 of the Bankruptcy Act to recover property located within the District of suit. The appellant also contends that the amended complaint was properly filed in the Northern District of Illinois for the additional reason that the cause of action stated is a local one within the meaning of title 28 U.S.C.A. § 1655 and sets forth a claim to property within the District.

The general venue statute (28 U.S.C.A. § 1391) provides in paragraph (b) as follows:

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, *except as otherwise provided by law.*" (Emphasis added.)

The Bankruptcy Act does "otherwise provide." In § 23 (11 U.S.C.A. § 46) it is provided:

"(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, unless by consent of the defendant, *except as provided in sections 60, 67, and 70* of this Act." (Emphasis added.)

Therefore actions brought under § 70 of the Act are excepted from the rule that suits by a trustee may be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them. It is provided in § 70, sub. e(3) [1] that:

"(3) For the purpose of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

The question therefore is whether § 70, sub. e(3) relates to and governs the venue of actions brought pursuant thereto as well as the jurisdiction thereof. There was no question below concerning the power of the district court to act on the pleadings before it. The question is whether the District Court must look to the general venue statute (28 U.S.C.A. § 1391) to determine the place of exercise of its admitted statutory jurisdiction. The courts have held that the general venue statute is not applicable to a trustee's suit under § 70. The venue of such actions is governed in all cases except for suits for monies only, by the location of the property real or personal which is the subject matter of the suit. Collett v. Adams, 1919, 249 U.S. 545, 39 S.Ct. 372, 63 L.Ed. 764; Rodgers v. Bankers Commercial Co., D.C.N.D.Ill.1930, 42 F.2d 906; Detroit Trust Co. v. Ford Motor Co., D.C.E.D.Mich.1926, 13 F.2d 942.

In Collett v. Adams the trustee sought under § 60, sub. b of the Act:

(1) to set aside a voidable preference of real property located in the district of suit

(2) to recover the said real property or the value thereof, and

1. 11 U.S.C.A. § 110.

(3) an accounting as to the proceeds of personalty which had been disposed of by the defendant.

There was no diversity of citizenship between the parties. In reversing the trial court's dismissal on jurisdictional grounds the Supreme Court ruled that the general venue statute was inapplicable and stated:

> "The court below is a court of bankruptcy and the property in question is within its territorial limits, so the jurisdiction under the terms of the Bankruptcy Act is plain. The suit is a local one in the sense of section 54 of the Judicial Code * * * and this enabled the court to reach the defendant, who resides in another district in the same state, by original process sent to and served in the district of his residence. Such a suit, apart from the terms of the Bankruptcy Act, is excepted by section 51 of the Code * * * from the general provision that a defendant may not be sued in any district other than that of which he is an inhabitant." [249 U.S. 545, 39 S.Ct. 374.]

The exception to prior section 51 relates to the predecessor of the present venue statute applicable generally to actions in the federal courts.

 That § 23 of the Bankruptcy Act (11 U.S.C.A. § 46) relates to venue is implicit in its use of the provision "unless by consent of the defendant". Venue may be founded on consent but "jurisdiction" of subject matter may not.

The present suit therefore is by the terms of section 70 of the bankruptcy code expressly excepted from the requirement otherwise imposed by § 1391 that such a suit shall not be brought unless in the district of which the defendant is an inhabitant.

We conclude that the district court should have overruled the objections urged against venue. We do not deem it necessary to pass on the question whether the amended complaint was properly filed in the Northern District of Illinois be-

cause of the additional contention that the cause of action stated is a local one within the meaning of 28 U.S.C.A. § 1655.

The cause is remanded with directions that the District Court vacate its order dismissing Esther Frank.

Remanded with directions to vacate order.