## Case No. 12,487.

SCHULENBURG v. KABURECK et al.

[2 Dill. 132.] [1]

Circuit Court, E. D. Missouri. 1873.

BANKRUPTCY—FRAUDULENT SALE—DUTY OF PURCHASER TO MAKE INQUIRY.

1. Where a joint purchase of property is made by two persons, in contravention of the

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

bankrupt act [of 1867 (14 Stat. 517)], the recovery by the assignee in bankruptcy may be against both for the full value of all the property, though the purchasers may have been interested in different proportions.

2. What circumstances will put the purchaser upon inquiry as to the bona fides of a proposed sale, and the degree of inquiry that is requisite, considered.

Writ of error to the district court of the United States for the Eastern district of Missouri.

The action was one by the assignee [Rudolph Schulenburg], under section 35 of the bankrupt act, to recover the value of property alleged to have been fraudulently sold by the bankrupt to the defendants, Conrad Kehler and George Kabureck. In their answer, the defendants admit "that on, etc., they purchased from the said William Hartman (the bankrupt), in satisfaction of a debt owing by said Hartman to the defendant Kabureck, of $700, and of another debt owing by Hartman to the defendant Kehler, of $300, the property mentioned in the petition;" but they deny the fraud, etc., imputed to them. All of the evidence is in the record, and it shows that Hartman, the bankrupt, was the lessee and proprietor of a boarding house, and saloon connected with it, in St. Louis; that he was indebted to various persons, and among others, to the defendants; that the defendants purchased all the property of the bankrupt in the boarding house and saloon for $1,000, which was paid for by their debts against him, unless it may be that Kehler paid $300 in money; that this was all the property that Hartman had, except money on his person; that he absconded, and that the defendants had both admitted that they made the purchase "to save themselves." The defendants, one of whom was a butcher, and the other a grocer, did business near Hartman and supplied him, the one with meat, and the other with groceries and liquors. On the trial the defendants excepted to the instructions given by the court to the jury, and a verdict and judgment having been rendered against them, [case unreported,] they bring the case into this court by writ of error.

F. & L. Gottschalk, for plaintiffs in error.
Slayback & Haussler, for defendant in error, the assignee.

DILLON, Circuit Judge. That the defendants' purchase is one which cannot stand, under the bankrupt act, as against the assignee, is very clear upon the admitted facts and undisputed testimony. The judgment should not, therefore, be reversed except for errors of law, occurring on the trial, prejudicial to the defendants. On the argument two such errors are urged, which will briefly be noticed:

1. One of the defendants paid $300 and the other $700 of the purchase money. The $700 was confessedly paid by a debt owing to the purchaser by the bankrupt, and the answer admits the same as respects the $300 paid by the other defendant, and he is concluded on this point by the admission in the pleadings.

The answer, the testimony, and the bill of sale, show a joint purchase by the defendants of Hartman's property. The court charged the jury "That if these two defendants purchased the property together, the consequences resulting to the one are the same as to the other." It is urged that the court erred in this, and that the jury ought to have been allowed to find separate verdicts or amounts against the defendants, proportioned to the sums which they respectively paid for the property. But as they bought the whole property together, as a joint purchase, the instruction of the court is manifestly correct.

2. The court, in substance, also instructed the jury that the fact that the sale by the bankrupt to the defendants was out of the usual course of business, was prima facie evidence of fraud, and that the law devolved upon the defendants the burden of proof to show that the sale was fair, and that they had made diligent inquiries as to the solvency of Hartman before purchasing. The objection made to this charge is to that portion which requires that they should have made diligent inquiries.

The degree of inquiry which devolves as a duty upon a person who proposes to make a purchase out of the usual course of the business of the seller depends upon the circumstances of the particular transaction. Such a person must, in all cases, make a reasonable inquiry as to the right of the seller to make the proposed sale. In the case before us there were other circumstances showing that the defendants' purpose was to obtain a preference, and the charge of the court must be looked at in the light of the case before it. And we think the case was such as to justify the court in saying that it was the defendants' duty to make diligent inquiry as to the right of the bankrupt to make the proposed sale. At all events, upon the facts known to the defendants, the proposed sale was in contravention of the bankrupt law, and the defendants were not prejudiced by the instruction.

The judgment is affirmed.

Affirmed.

As to degree of diligence on the part of a purchaser out of the usual course of business, see opinion of the supreme court of the United States in Walbrun v. Babbitt [16 Wall. (83 U. S.) 577] December term, 1872, affirming judgment of the circuit court [Case No. 694].