### STRASBURGER v. BACH et al.

#### (Circuit Court of Appeals, Seventh Circuit. October 1, 1907.)

#### No. 1,353.

BANKRUPTCY—SUIT BY TRUSTEE TO RECOVER PROPERTY—SUFFICIENCY OF BILL.

A bill by a trustee in bankruptcy against a number of defendants to recover property or its value on the ground that defendants and the bankrupt entered into a conspiracy to cheat and defraud the latter's creditors, which alleges that pursuant to said conspiracy the bankrupt shipped such property to defendants "or some of them," and that it is either in defendants' possession or has been disposed of by them, is not demurrable because it does not identify the particular defendant to whom the shipments were made.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The bill was by appellant, trustee in bankruptcy of Marie Muller, bankrupt, to require appellees to turn over to appellant as such trustee, certain stock in trade, goods, wares and merchandise of the value of six thousand dollars (or in lieu thereof the sum of six thousand dollars) said to have been unlawfully taken by said appellees from the goods, wares and merchandise belonging to the bankrupt estate, in pursuance of a conspiracy to conceal and put beyond the reach of the bankrupt's creditors and trustee, the property thus taken.

The averment of the bill in this respect is as follows: Your orator further represents unto your Honors that the said Marie Muller, at a time preceding the filing of said petition in bankruptcy, and about the month of September, A. D. 1901, contriving and scheming to defraud her creditors and to avoid the payment of her said just debts and obligations, wrongfully, fraudulently and corruptly agreed and conspired with the said defendants, in said city of New York and in said city of Chicago, to hinder, delay, and defraud her said creditors of the amounts justly due them, and to conceal, secrete, and put beyond the reach of her said creditors and any trustee in bankruptcy, or legal representative of said creditors that might be appointed, and beyond the reach of process issuing from any court having jurisdiction of suits by and on behalf of any creditors of said Marie Muller against her, the monies, stock in trade, goods, wares and merchandise, and personal property of the business carried on by said Marie Muller as aforesaid, and to sell and dispose of them for the benefit of said Marie Muller and said defendants, to the manifest injury to said creditors.

Your orator further represents that in pursuance to said unlawful and fraudulent agreement and conspiracy the said Marie Muller, at various times during the months of September, October and November, A. D. 1901, shipped,

or caused to be shipped by devious routes from her place of business in said city of New York to the said defendants, or some of them, in the city of Chicago aforesaid a large quantity of the said stock in trade, goods, wares and merchandise of the said millinery business, amounting to about the sum of Fifteen Thousand ($15,000.00) Dollars, which had been so purchased by the said Marie Muller, in her business, as aforesaid. That the same were received by the said defendants in pursuance of such unlawful and wrongful conspiracy and agreement aforesaid, at the city of Chicago aforesaid, at divers times during the said last mentioned months, and have either been disposed of by the said defendants pursuant to said unlawful and fraudulent agreement and conspiracy, or are now in their possession, to the fraud, wrong and injury of your orator and the creditors of said Marie Muller, bankrupt.

To the bill a demurrer was filed, and sustained, the trustee appealing therefrom.

Richard W. Morrison, for appellant.

Amos C. Miller, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above). The bill avers a conspiracy to defraud the creditors of the bankrupt by the shipment of these goods, in which all of the appellees were included. The bill discloses also that in pursuance of the conspiracy, the goods were received by the appellees, and have either been disposed of, or are still in their possession. But because the bill does not identify the particular appellee or appellees to whom the goods were shipped— averring in that respect that they were shipped to the appellees or some of them—it is argued that there is no showing in the bill that any appellee upon whom the court can put its finger has now either the goods or their avails; and therefore that no case is made out entitling the trustee to a decree against all or any of the appellees. But we can see no possible ground for holding that a suit of this kind will not lie against parties who, in pursuance of a conspiracy such as is charged, have received and gotten the benefit of the goods wrongfully taken out of the bankrupt's estate, merely because it might happen that the goods had not been shipped to all of them, but only to one or some of them.

The decree of the Circuit Court is reversed with instructions to overrule the demurrer, and proceed further in pursuance of this opinion.

Reversed.