## HOME INS. CO. OF NEW YORK et al. v. GUNTHER.

### In re BULLYON.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1924. Rehearing Denied June 9, 1924.)

### No. 4128.

Bankruptcy ⟨⟩293(1)—Court held without jurisdiction of action against insurance companies making settlements with bankrupt after petition filed.

Bankruptcy court, in absence of diversity of citizenship and of res in possession of court, *held* without jurisdiction of action by bankruptcy trustee against insurance companies making settlements with bankrupt after petition was filed, under conspiracy to aid bankrupt to conceal assets, as mere filing of petition does not draw all litigation over bankrupt's estate into federal courts.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action by Charles Gunther, as trustee of the estate of Marion A. Bullyon, bankrupt, against the Home Insurance Company of New York and others. Judgment for plaintiff in District Court (276 Fed. 575; 286 Fed. 396), and defendants bring error. Reversed.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

298 F.—38

In September, 1917, Marion A. Bullyon was the owner of a stock of merchandise at Butte, Mont. Between September 4 and September 8 he insured this merchandise against loss by fire in the sum of $5,000 in the Home Insurance Company of New York, in the sum of $1,200 in the Minneapolis Fire & Marine Insurance Company of Minnesota, in the sum of $1,000 in the Phœnix Insurance Company of Hartford, Conn., in the sum of $1,000 in the American Central Insurance Company of St. Louis, Mo., and in the sum of $2,000 in the Home Fire Insurance Company of Utah, making a total of $10,200. On the 10th day of September, 1917, the property was destroyed or damaged by fire, causing a loss in excess of $12,000. Thereafter the insured made proofs of loss and kept and performed all other terms and conditions of the several policies to be by him kept and performed. On the 7th of December, 1917, an involuntary petition in bankruptcy was filed against Bullyon. After the filing of the involuntary petition, but before adjudication or the appointment of a trustee, Bullyon, through his attorneys, commenced suits on the several policies in the state and federal courts in Montana. On the 9th day of November, 1918, these several suits were settled and compromised, through Bullyon and his attorneys and the attorneys for the several insurance companies. Bullyon was thereafter adjudged a bankrupt, and one Charles Gunther was appointed trustee of his estate. In addition to the foregoing facts, the amended complaint averred that:

"The above-named defendants, and each of them, all and several, with intent thereby to hinder, delay, and defraud the creditors of said Marion A. Bullyon, and the trustee in bankruptcy who would thereafter be elected, and acting in the utmost bad faith, in fraud of said Marion A. Bullyon's creditors and in violation of the bankruptcy laws of the United States, entered into and acting in accordance with the terms of a preconceived and prearranged conspiracy to defraud the creditors of the said Marion A. Bullyon, which conspiracy each and all of said ten defendants herein made, promulgated, and effectuated through and by common counsel, advice, and moral support of them all, one to another; that in order to effectually carry out said prearranged conspiracy, the defendants, and each of them, entered into some sort of a settlement arrangement, the exact terms of which are to this plaintiff unknown, whereby the actions brought by the said Marion A. Bullyon against the four insurance companies in the district court in and for the county of Silver Bow, state of Montana, would be dismissed and settled, and the action brought by said Marion A. Bullyon against the other insurance company in the United States District Court in and for the District of Montana, would also be dismissed and settled; that all of said actions in the state court were dismissed pursuant to said conspiracy; that the defendants attempted to dismiss the action in the federal court, but the court would not enter an order of dismissal therein; that said conspiracy was entered into and participated in by each and all of said defendants for the purpose of assisting the defendant Marion A. Bullyon, who was thereafter adjudicated a bankrupt, in secreting and concealing from his creditors and from his estate in bankruptcy his assets; that each and all of the defendants above named well knew that the bankruptcy proceedings were pending at the time of said supposed settlement, and at the time of said conspiracy, and had reasonable cause to believe that there would be an adjudication in bankruptcy of said Marion A. Bullyon; that said conspiracy was entered into by each and all of said defendants, not only for the purpose of assisting the bankrupt, Marion A. Bullyon, in secreting and concealing assets from his trustee in bankruptcy, but for the purpose of aiding and assisting each of the insurance companies, the defendants herein named, in making a more advantageous settlement with said Marion A. Bullyon than they would be able to make with his trustee in bankruptcy, if he should be elected; that said defendants, and all of them, fraudulently entered into said conspiracy for the purpose of defeating the just claims of the creditors of said Marion A. Bullyon, and for the purpose of assisting said Marion A. Bullyon in concealing and secreting his property from his trustee in bankruptcy; that to further carry out the terms of said prearranged and preconceived conspiracy the defendants, and each of them, have failed, neglected, and refused to disclose to the trustee in bankruptcy

or the referee in bankruptcy the terms and conditions of said settlement, and would not disclose any of the property which they, or any or each of them, held belonging to said Marion A. Bullyon, and which should be turned over to his estate in bankruptcy; that at the time of the attempted settlement herein referred to each one of the defendants had reasonable cause to believe that Marion A. Bullyon was not only insolvent, but that, if any moneys were paid to him under the terms of any settlement arrangement, he would conceal and secrete said moneys from his estate in bankruptcy; * * * that by reason of the conspiracy and the unlawful acts of the defendants hereinbefore alleged the plaintiff has suffered damage to the extent of $10,200, and that, although plaintiff has duly demanded said sum from the defendants, they have failed, neglected, and refused to pay said sum, or any part thereof, except the sum of $140, which is now in the possession of this plaintiff, as trustee in bankruptcy.

"Wherefore plaintiff prays judgment against the said defendants, and each of them, in the sum of $10,060, with interest thereon at the rate of 8 per cent. per annum from the 14th day of November, 1918, together with the costs and disbursements of this action, and for such other and further relief as to the court may seem just and proper in the premises."

The defendants demurred to the amended complaint on the ground, among others, that the court was without jurisdiction, but the demurrer was overruled. The case was twice tried before a jury. On the last trial the jury returned a verdict in favor of the defendants, but the court refused to recognize the verdict, or to enter a judgment thereon, holding that the cause was one of equitable cognizance, and that the verdict of the jury was not controlling. The court thereupon entered a decree in favor of the trustee in bankruptcy, and against the several insurance companies and the attorneys for the bankrupt, in the sum of $4.534.93, and against the attorney for the insurance companies in the sum of $3.914.93, together with costs. The decree or judgment is now before us on writ of error.

Frank & Gaines, Lowndes Maury, and A. B. Melzner, all of Butte, Mont., for plaintiffs in error.

Hallam, Todd, Fosnes & Sterling, of St. Paul, Minn., and Binnard & Rodger, of Butte, Mont. (Clarence A. Shuey, of San Francisco, Cal., of counsel), for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). At the threshold of the case the plaintiffs in error challenged the jurisdiction of the court below by demurrer, and our conclusion on that question is decisive of the case. It is mistake to assume that the mere filing of a petition in bankruptcy draws all litigation over the estate of the bankrupt into the federal courts. As said by the Supreme Court in the recent case of Taubel-Scott-Kitzmiller Co. v. Fox, 44 Sup. Ct. 396, 68 L. Ed. ——, decided April 7, 1924.

"By the act of 1898, as originally enacted, the power of the bankruptcy court to adjudicate, without consent, controversies concerning the title, arising under either section 67e, or section 60b, or section 70e, was confined to property of which it had possession."

Again:

"Wherever the bankruptcy court had possession, it could, under the act of 1898 as originally enacted, and can now, determine in a summary proceeding controversies involving substantial adverse claims of title under subdivision 'e' of section 67, under subdivision 'b' of section 60, and under subdivision 'e' of section 70. But in no case where it lacked possession, could the bankruptcy court, under the law as originally enacted, nor can it now (without

consent), adjudicate in a summary proceeding the validity of a substantial adverse claim. In the absence of possession, there was under the Bankruptcy Act of 1898, as originally passed, no jurisdiction, without consent, to adjudicate the controversy even by a plenary suit. The Act of February 5, 1903. c. 487, § 8, 32 Stat. 797, 798, 800, together with the Act of June 25, 1910, c. 412, § 7, 36 Stat. 838, 840 (Comp. St. § 9607), conferred upon the bankruptcy court jurisdiction, under certain circumstances, against the adverse claimant, in a plenary suit under section 60, subdivision 'b,' section 67, subdivision 'e,' and section 70, subdivision 'e.' But no amendment has conferred upon the bankruptcy court jurisdiction, even in a plenary suit, of proceedings under subdivision 'f' of section 67."

See, also, Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175.

The controversy in that case was between a trustee in bankruptcy and a judgment creditor claiming a lien by virtue of an execution levy, and the court held that the bankruptcy court had no jurisdiction over the controversy in a summary proceeding, or otherwise. Here there was no diversity of citizenship, there was no res in the possession of the bankruptcy court, and the action was not brought under any of the subdivisions of the Bankruptcy Act to which reference has been made.

The court below was therefore without jurisdiction, and the action should have been dismissed upon that ground, and for that reason.

Reversed accordingly.