390 F.2d 514
 Peter M. ELLIOTT, as Trustee in Bankruptcy for the Estate of Henry H. Herrera, dba U. S. Eagle Fertilizer Co. and Gardenland Nursery, Bankrupt, Appellant,
v.
Eugene E. GLUSHON, Appellee.
 No. 21494.
 United States Court of Appeals Ninth Circuit.
 December 26, 1967.
 
 Robert A. Fisher (argued), of Craig, Weller & Laugharn, Los Angeles, Cal., for appellant.
 Eugene Glushon (argued), in pro. per.
 Before BARNES and BROWNING, Circuit Judges, and McNICHOLS*, District Judge.
 BARNES, Circuit Judge:
 
 
 1
 Peter M. Elliott, trustee in bankruptcy, herein appeals from a summary judgment rendered against him by the District Court for the Central District of California.
 
 
 2
 Appellant is trustee in bankruptcy for the estate of Henry H. Herrera, doing business as the U. S. Eagle Fertilizer Company and Gardenland Nursery. His complaint below charged that the appellee, Eugene E. Glushon, conspired with the bankrupt and others — who were also named as defendants — to effect certain transfers of property from the bankrupt's estate which were fraudulent under sections 67 and 70 of the Bankruptcy Act, 11 U.S.C. §§ 107, 110 (1964). The complaint also alleged that the defendants planned and brought about an additional transaction, which constituted a voidable preference under section 60 of the Act, 11 U.S.C. § 96 (1964). The trustee asked that the alleged transfers be declared null and void and that he recover the property involved — or, in the alternative, that he recover its value from the defendants or from any one of them.
 
 
 3
 Glushon's answer admitted that the basic transactions referred to in the complaint had taken place, but denied both their fraudulent nature and his participation in any conspiracy of the sort alleged. Affidavits in support of Glushon's motion for summary judgment stated that he had acted only as attorney for certain participants in the admitted transactions and as an escrow holder, and that he had never received any interest in the property involved. C.T. 21-29. A counter-affidavit filed on behalf of the appellant set forth a conversation in which Glushon, in reply to accusations that the transactions in question constituted a fraud on the bankrupt's creditors, stated, "You know we did it, and we know we did it, but just try and prove it." The counter-affidavit asserted also that two other defendants remained silent in the face of the statement quoted. C.T. 40-41.
 
 
 4
 The district court granted summary judgment in favor of Glushon, Fed.R. Civ.P. 56, finding that he never received any of the property belonging to or conveyed by the bankrupt. It is from this judgment that the present appeal is taken.
 
 
 5
 The issue primarily dealt with by the briefs concerns whether recovery is proper under the relevant sections of the Bankruptcy Act against one who received none of the property involved in the allegedly voidable transactions. If no such recovery is proper, the judgment of the district court must be affirmed.
 
 
 6
 The literal terms of the sections involved suggest with some certainty that recovery may be had only against persons who have received the property in question. Subparagraph 6 of section 67(d) provides that a transfer which is fraudulent under that section shall be "null and void against the trustee * * *." Section 70(e) (2) states in addition that, if a transfer of property is fraudulent or voidable under any applicable federal or state law, the trustee "shall reclaim and recover such property or collect its value from and avoid such transfer * * * against whoever may hold or have received it * * *." (Emphasis added.) And under section 60(b), a preference may in certain circumstances "be avoided" by the trustee — in which case he "may recover the property or, if it has been converted, its value from any person who has received or converted such property * * *." (Emphasis added.) The trustee argues, however, that despite the language just emphasized, in the case of a conspiracy all conspirators should be held subject to "recovery" under the quoted sections regardless of whether they have physically received the property in question. The argument is based on the general principle that joint tortfeasors are jointly and severally liable.
 
 
 7
 More than half a century of litigation under the Bankruptcy Act has, inexplicably, failed to yield a clearcut answer to the question thus posed. Few cases have dealt even peripherally with the problem, and there is little uniformity even among those few. The decision primarily relied upon by the trustee is Brainard v. Cohn, 8 F.2d 13 (9th Cir. 1925), which involved — as does the present case — an allegedly fraudulent transfer made pursuant to a conspiracy. This court there held, inter alia, that the trustee could recover from a conspirator the value of all property involved in the fraud, rather than merely the amount which the conspirator had physically received. We relied in part upon the
 
 
 8
 "established rule that, where two or more persons are associated for the same illegal purpose, all engaged in the alleged fraudulent common purpose are as one who has received the property, and each joint tort-feasor has the burden of bearing the entire loss which he in co-operation with his fellows has inflicted." 8 F.2d at 15.
 
 
 9
 See also Strasburger v. Bach, 157 F. 918 (7th Cir. 1907); Schulenberg v. Kabureck, 21 F.Cas. 751 (No. 12,487) (C.C. E.D.Mo.1873); Sullivan v. B. S. Canner, Inc., 33 F.Supp. 500 (D.Mass.1940); Anderson v. Cohen, 30 F.2d 188 (D.Mass. 1929); Sattler v. Slonimsky, 199 F. 592 (E.D.Pa.1912).
 
 
 10
 Brainard v. Cohn is not, however, clear authority for the trustee's position here. For that decision relied also — and, it would seem primarily — upon the fact that the goods in question had allegedly been intermixed with identical property of certain of the conspirators, so that identification was impossible. In such a situation, the opinion stated,
 
 
 11
 "all the inconvenience of the confusion is cast upon the one who permitted it, and it is for him to distinguish his own property satisfactorily or lose it, for the law will not distinguish it for him." 8 F.2d at 15.
 
 
 12
 Nor do the other cases cited above provide substantially stronger support for the trustee's position. Moreover, other decisions suggest a contrary rule. See Smyth v. Kaufman, 114 F.2d 40 (2d Cir. 1940); Duell v. Brewer, 92 F.2d 59 (2d Cir. 1937); Irving Trust Co. v. Conte, 22 F.Supp. 94 (S.D.N.Y.1937); Eyges v. Boylston Nat'l Bank, 294 F. 286 (D.Mass. 1923); In re Denson, 195 F. 854 (D.C. Ala.1912); cf. Adler v. Fenton, 65 U.S. (24 How.) 407, 16 L.Ed. 696 (1860); Home Ins. Co. v. Gunther, 298 F. 593 (9th Cir.), cert. denied, 266 U.S. 610, 45 S.Ct. 94, 69 L.Ed. 466 (1924).
 
 
 13
 In view of this conflict of authority, the issue cannot properly be decided on the basis of precedent alone. Nor is resolution of the conflict an easy matter. We are tempted to look to the joint and several liability of joint tortfeasors and to hold that principle applicable to persons who plan and carry out a transfer that is fraudulent under the Bankruptcy Act. Such individuals ought not to feel free, of course, to engage in fraudulent transactions with impunity.
 
 
 14
 We must remember, however, that we are interpreting a statute designed to deal with bankruptcy matters in a somewhat circumscribed fashion, and not to preempt all state laws governing, for example, questions of fraud and deceit. The purpose of those sections of the Bankruptcy Act which are here relevant is clearly to preserve the assets of the bankrupt; they are not intended to render civilly liable all persons who may have contributed in some way to the dissipation of those assets. The Act carefully speaks of conveyances of property as being "null and void," and authorizes suit by the trustee to "reclaim and recover such property or collect its value."[1] The actions legislated against are not "prohibited"; those persons whose actions are rendered "null and void" are not made "liable"; and terms such as "damages" are not used. The legislative theory is cancellation, not the creation of liability for the consequences of a wrongful act.
 
 
 15
 It is also significant that the term "fraudulent transfer" as used in the Act includes a great many transactions which do not constitute "actual" fraud; no intent to defraud need be found so long as the prescribed statutory criteria are met. Thus there is affirmative justification for rejecting a rule under which all persons having a hand in transactions later held void under the Act would be civilly liable. Limiting recovery in the manner suggested by the appellee Glushon protects innocent persons from civil liability,[2] while at the same time preserving the assets of the bankrupt's estate. The trustee may bring suit against those persons who received the transferred property. He may recover from them the value of that property if, for example, they have converted it so that recovery in specie is no longer possible. In the overwhelming number of instances, these rights will suffice to allow the trustee fully to protect the interests of creditors. And even if recovery against the recipients of the property is not possible because, for instance, of their own insolvency), state law may well — where actual fraud was engaged in — allow a damage action in the nature of deceit against any conspirators.
 
 
 16
 In summary, then, we hold that in this situation Congress should be taken to have meant exactly what it said when it limited trustees' actions under sections 67, 70(e), and 60(b) of the Bankruptcy Act to recovery against persons who have "received" the property in question.
 
 
 17
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 *
 Hon. Ray McNichols, United States District Judge, Boise, Idaho, sitting by designation
 
 
 [1]
 Section 70(e) (2), 11 U.S.C. § 110(e) (2) (1964)
 
 
 [2]
 A construction of the sections in question which would allow recovery against a nonrecipient only when actual fraud is proved, or only when recovery of the property or its value from recipients is not possible, may be conceivable. We regard such a construction, however, as an ad hoc device too tortured and particular in nature to merit acceptance and reliance