110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re MARK INDUSTRIES, INC., a California corporation, Debtor,
Richard A. MARSHACK, Chapter 11 Trustee, Plaintiff-Appellant,
v.
C. Richard MOYER, et al., Defendants,
and
Rallie Rallis, Defendant-Appellee.
 No. 95-55712.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1996.
Decided March 20, 1997.
 
 Before: REINHARDT, HALL, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Marshack, chapter 11 trustee ("Trustee") for debtor Mark Industries, Inc. ("Debtor"), appeals from the district court's decision upholding the bankruptcy court's dismissal of that portion of the Trustee's adversary proceeding against the Debtor's principal director, Rallie Rallis ("Rallis"). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 The Trustee first contends that the bankruptcy court erred by concluding that his complaint was untimely. We agree. The Debtor filed its petition in bankruptcy before the applicable three-year limitations period had run, see Cal.Civ.Proc.Code §§ 338(a), 359, and the Trustee filed the instant adversary proceeding within two years of his appointment. Because a Chapter 11 trustee has two years from the date of his appointment rather than from the date of the filing of the original petition in bankruptcy in which to bring an action under 11 U.S.C. § 544, the complaint was timely filed. See 11 U.S.C. § 546(a)(1);[1] In re Hanna, 72 F.3d 114, 117 (9th Cir.1995).
 
 
 4
 The Trustee's main argument may be summarized as follows: California law would allow a creditor to sue Rallis on behalf of the Debtor, and because the Trustee stands in the Debtor's shoes, he should be allowed to assert a claim against Rallis pursuant to the Trustee's avoidance powers under 11 U.S.C. § 544. Whatever the merits to the Trustee's argument with respect to the law of California,[2] his claim under section 544 must fail.
 
 
 5
 Section 544 consists of two parts: The so-called "strong arm" power under paragraph (a), and the weaker "avoidance" power of paragraph (b). Although the Trustee has repeatedly--and erroneously--referred to section 544(b) as the strong arm power, he has just as consistently maintained that he is not asserting his claim under section 544(a), but under the avoidance power of section 544(b).
 
 
 6
 It is well settled that "[s]ection 544(b) by its terms allows the trustee only to avoid transfers that the debtor made or obligations the debtor incurred. It does not give the trustee the right to bring damage actions." Douglas G. Baird, The Elements of Bankruptcy 107 (rev. ed. 1993) (emphasis in original). Accord, 4 William M. Collier, Collier on Bankruptcy p 544.03 (Lawrence P. King, et al. eds., 15th ed. 1996). See also Elliott v. Glushon, 390 F.2d 514, 516 (9th Cir.1967) (former Bankruptcy Act); In re Hamilton Taft & Co., 176 B.R. 895, 902 (Bankr.N.D.Cal.), aff'd, 196 B.R. 532 (N.D.Cal.1995) ( section 544(b)).
 
 
 7
 As both the bankruptcy and district courts noted, the Trustee's claim against Rallis is in truth a damage claim; it is not an attempt to avoid a transfer; and it has neither been alleged nor shown that Rallis--unlike the minority shareholders--was a transferee of the $2.2 million distribution.
 
 
 8
 Because we find no merit to the Trustee's arguments, the decision of the district court upholding the bankruptcy court's dismissal of the Trustee's section 544(b) claim against Rallis is
 
 
 9
 AFFIRMED.
 
 REINHARDT, J., concurring:
 
 10
 Perhaps the majority disposition rests on the proposition that the trustee does not have standing to sue the debtor for approving a fraudulent transfer. If so, I join it, for that is what I believe disposes of this appeal. The appellant failed to raise in the district court several of the arguments it raises before us--arguments we need not and do not consider. I concur.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 546 was recently amended, but the changes--none of which are relevant to the instant appeal--are effective only with respect to those cases commenced on or after October 22, 1994. See Bankruptcy Reform Act of 1994, Pub.L. No. 103-394 (1994)
 
 
 [2]
 Under California law, a corporate creditor whose claim antedates a corporation's improper distribution may bring an action on behalf of the corporation against those directors who approved the improper distribution. Cal.Corp.Code §§ 316(a)(1), (c)(1); 506(b). But see England v. Christensen, 52 Cal.Rptr. 402, 416 (Cal.App.1966) (a director who has not breached his fiduciary duties to the corporation cannot be held liable for having made an improper distribution)